RECEIPT # 54464
AMOUNT $ 150
SUMMONS ISSUED X - 3
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 3-11-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCOTT A. KANTER,  )
  )
            Plaintiff,  )
  )   CIVIL ACTION NO.
v.  )
  )
SCOTT J. WERNER, WERNER  )
ENTERPRISES and L&C SPRING  )
WATERS OF NEW ENGLAND, LLC (f/k/a  )
L&C SPRING WATERS OF NEW  )   04  10489 RCL
ENGLAND HOLDING COMPANY, LLC.),  )
  )
            Defendants.  )   MAGISTRATE JUDGE Bowler
  )

### VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, APPOINTMENT OF RECEIVER AND DAMAGES

1.      This is an action by Scott A. Kanter for a declaratory judgment, injunctive relief, the appointment of a receiver, and damages in connection with Kanter's ownership interest in Deluge, LLC, a closely held Massachusetts Limited Liability Company. Although the Operating Agreement under which Deluge was formed provides that Kanter is both a Member and the sole manager of Deluge, the Defendants have colluded to deprive Kanter of his rights under the Operating Agreement, and to convert the management, operations and proceeds of Deluge, LLC to themselves without obtaining Kanter's written consent, as required by the Operating Agreement and Massachusetts law. As part of this collusion, the Defendants have refused to provide an accounting to Kanter or to produce any of the detailed day-to-day operating information concerning the management and business operations of Deluge, LLC or its primary asset, a natural water spring located in Brentwood, New Hampshire. Kanter believes that the Defendants have refused to provide a detailed accounting, with supporting documentation,

BO1 15631263.1

including but not limited to bank statements, cancelled checks, transfers and drafts, and credit card statements (the "Accounting"), legal documents and contracts, and other requested information, because they are unlawfully converting the assets of Deluge, LLC and its natural water source to their own use, in the form of unauthorized expenses, management fees, transfer of contracts, and similar unauthorized and improper payments and actions.

## I. PARTIES, JURISDICTION, AND VENUE

2.  Plaintiff Scott A. Kanter ("Kanter") is an individual residing at 5 Rebecca Road West Newton, MA 02465-1418.

3.  Defendant Scott J. Werner ("Werner") is an individual residing, upon information and belief, at 8 Wingate Court, Stratham, NH 03885.

4.  Upon information and belief, Defendant Werner Enterprises is an entity under which Werner conducts certain business activities, with a principal address at 8 Wingate Court, Stratham, NH 03885.

5.  Defendant L&C Spring Waters of New England, LLC, formerly known as L&C Spring Waters of New England Holding Company, LLC ("L&C"), is a Delaware limited liability company with its principal place of business in the state of New Hampshire.

6.  This court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

7.  This court may exercise personal jurisdiction over Defendants in that they have transacted business in the Commonwealth of Massachusetts and have derived substantial revenue from goods used or consumed within the Commonwealth of Massachusetts. The acts and

practices complained of arose out of the Defendants' transaction of business in connection with a Massachusetts limited liability company doing business in the Commonwealth of Massachusetts.

8. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district and involve transactions with a limited liability company with its registered offices in this judicial district.

## II. PLAINTIFF'S CLAIMS

### Background

9. On April 15, 1997, Kanter entered into an Operating Agreement with Portogon Investments, SA, a Panamanian corporation with offices in Jersey, Channel Islands, to form Deluge, LLC, a Massachusetts limited liability company. The Operating Agreement, attached to the Complaint as Exhibit A, provides that Kanter owns 33.33%, and Portogon owns 66.66% of Deluge, LLC. The Operating Agreement also provides that Kanter is the sole manager and that the registered offices of Deluge are located at 109 State Street, Boston, MA 02109.

10. On June 10, 1997, Deluge, Inc., a Massachusetts corporation whose shareholders were Kanter and Portogon, merged into Deluge, LLC, with Deluge, LLC remaining as the surviving entity. As part of this transaction, a ground lease to 44.19 acres of real property in Brentwood, New Hampshire, and rights to Brentwood Spring, a natural spring water source, were transferred to Deluge, LLC. In addition, certain renewable contracts to supply water to third party resellers and an affiliated company were transferred from Deluge, Inc. to Deluge, LLC. The ground lease had been acquired by Deluge, Inc. in 1996.

11. Between June 10, 1997 and the present, the primary business of Deluge, LLC has been, and continues to be the supply of natural spring water from the Brentwood Spring, to

which Deluge, LLC has exclusive rights under the ground lease. The current ground lease runs through September 30, 2006, and is subject to four successive 10 year extensions.

12. The Brentwood Spring is currently a profitable water source, supplying water to numerous third party vendors under long-term contracts, including, among others, Royal Ahold and Ahold USA, which owns Stop & Shop locally, among other businesses.

13. Although he is neither a Member nor manager of Deluge, LLC under the Operating Agreement, Werner, who had been a director of Deluge, Inc. but never had any ownership interest in that company, has been managing the day-to-day operations of Deluge, LLC, conditioned upon and with the obligation to report regularly to Kanter regarding the operations of the business. At no time did Kanter delegate any ownership interest to Werner or any written management authority under the Deluge, LLC Operating Agreement. Werner, therefore, has been acting akin to an employee at will, subject to removal at any time.

14. Subsequent to the formation of Deluge, LLC in 1997, Kanter, who is an accountant, prepared the initial 1997 annual corporate tax return for Deluge, LLC. The 1998 and 1999 tax returns were then prepared by an accounting firm based in Massachusetts. In connection with preparing these returns, Kanter requested each year that Werner provide the accountants with the annual financial information for Deluge, LLC, including revenues, expenses, assets and liabilities. Although he did not provide any detailed information underlying the summary results, through 2000 Werner provided sufficient information for the accountants to prepare the company's tax returns, and in each of the years 1997, 1998 and 1999, Deluge, LLC reported a profit.

15. Beginning in May 2001, when the company's 2000 tax returns were being processed by a separate accounting firm in New Hampshire retained by Werner, Werner began to

delay providing any financial information related to Deluge, LLC and the Brentwood Spring to Kanter. For example, requests by Kanter in May and June 2001 for balance sheets, income statements, detailed general ledgers and "source documents" for Deluge, LLC went unanswered, or were met with unkept promises to provide the information. This correspondence is attached as Exhibit B.

16. Upon information and belief, during 2000 and 2001 Werner commenced and implemented a plan to take control of the profits emanating from the Brentwood Spring by seeking to move the management of Deluge, LLC to his own operating company, L&C Spring Waters of New England, LLC.

17. On February 20, 2002, Werner and Portogon executed an Assignment and Contribution Agreement ("Assignment Agreement") by and between Werner, Portogon and L&C. A copy of the Assignment Agreement is attached as Exhibit C. This agreement purported to transfer Portogon's and Warner's interest in Deluge, LLC to L&C. Kanter was never informed of this agreement, nor did he sign any authorization for Portogon's transfer of its 66.66% interest to Werner or L&C, as required under the Deluge, LLC Operating Agreement. In addition, although this Agreement purported to transfer an interest from Werner, Werner never owned any interest in Deluge, LLC.

18. In addition, Paragraph 12.3 of the Operating Agreement provides that any proposed transfer of an interest by one Member to a third-party creates a right of first refusal to the other Member, in this case Kanter. At no time was Kanter informed of the terms of the offer by L&C to purchase or receive an interest from Portogon and/or Werner as required by the Operating Agreement, nor was he offered the right to match that offer and acquire the transferred interest on the same terms.

19. Subsequent to the execution of the Assignment and Contribution Agreement in February 2002, Werner further engaged in efforts to limit Kanter's access to and understanding of the detailed operating information regarding the business, and, upon information and belief, has systematically transferred the management and operations of Deluge, LLC to L&C since that time. All of the day-to-day operations, documents, contracts, revenues and profits of the Brentwood Spring are currently under the control of the Defendants, without any written authorization from Kanter as required in the Operating Agreement.

20. Since February 2002, Werner has provided virtually no detailed information or source documents regarding the day-to-day operations of Deluge, LLC, L&C or the Brentwood Spring to Kanter. Despite repeated requests beginning in February 2002, Kanter has been provided no Accounting concerning various expenses charged by Werner and L&C to Deluge, LLC, management fees charged by Defendants to Deluge, LLC without the written authorization of Kanter, or other unidentified payments made by Deluge to Werner and/or L&C. Copies of requests for information by Kanter to Werner are attached as Exhibit D.

21. On several occasions during 2002 and 2003, Werner again "promised" that he would cooperate in providing the detailed financial information and source documents that had been requested by Kanter but failed to produce the requested information. For example, during several conversations, Werner stated that he would produce detailed general ledgers and certain source documents, but then produced only minimal summary information. See Exhibit D.

22. During late 2002 and into 2003, Kanter became increasingly concerned about his continued inability to obtain detailed financial information regarding the operations of Deluge, LLC and the Brentwood Spring from Werner. Promises to provide the requested information

27. Upon information and belief, Defendants have transferred contracts from Deluge, LLC to L&C or other companies controlled by Werner, in an effort to deprive Deluge, LLC of sales revenues and profits.

28. In 1999, before the Defendants' unlawful conduct, Deluge, LLC had water sales of $272,010, and profits of $49,639 - a profit percentage of 18.2%. Based upon its 2000 tax return, Deluge, LLC had water sales of $470,620. However, despite this increase in sales, and because of the unauthorized and undocumented "expenses" described above, no profit was reported and no distributions were made to the Deluge, LLC Members. Likewise, in 2001 Deluge, LLC had water sales of $618,474, but no distributions were made to the Deluge, LLC Members. Once again, in 2002 Deluge, LLC had water sales of $565,618, but no distributions were made to the Deluge, LLC Members. These 2002 sales figures, which show for the first time a reduction of a trend of growth in the business in prior years, also indicate that contracts may have been transferred from Deluge, LLC to other companies, in violation of the Operating Agreement and Massachusetts law. No distributions have been made to Members during 2003 or 2004.

29. Upon information and belief, Werner and L&C have also used the water supply from the Brentwood Spring in connection with activities of other companies unrelated to Deluge, LLC, to the detriment of Deluge, LLC and its Members, including Kanter.

## COUNT I
(Declaratory Judgment)

30. Plaintiff repeats and reavers paragraphs 1-29 as if set forth fully herein.

31. The Deluge, LLC Operating Agreement provides that a lawful transfer of all or part of a Member's interest may only occur in accordance with the provisions of Article XII of the Operating Agreement.

8

32. On February 20, 2002, Portogon Investments, SA, a 66.66% Member in Deluge, LLC, purported to transfer its interest in Deluge, LLC to L&C. In addition, Werner purported to transfer a nonexistent interest in the same transaction.

33. Paragraph 12.3 provides that any offer to purchase an interest in Deluge, LLC must be presented to the other Member and that Member is granted a right of first refusal. No such right of first refusal was provided to Kanter in connection with the purported transfer of Deluge, LLC interests to L&C.

34. Paragraph 12.6 of the Operating Agreement provides that any Transferee who does not receive the written consent of all of the remaining Members shall not become a Member and shall have no right to participate in the management of the business or affairs of the Company.

35. At no time did Kanter give his consent to the transfer of an interest in Deluge, LLC to L&C. As a result, L&C is not a Member and has no right to participate in the management of the business or affairs of Deluge, LLC.

36. Upon information and belief, the operations, ownership and management of Deluge, LLC and the Brentwood Spring have been unlawfully transferred to L&C and Werner, without the written authorization or consent of Kanter.

37. Defendants have refused to provide any detailed financial information and Accounting to Kanter in the form requested by Kanter, despite repeated requests.

38. Kanter is entitled to a judgment holding that the purported transfer of a membership interest in Deluge, LLC to L&C in February 2002 is without force and effect, that Kanter is entitled to purchase the interest on the same terms as L&C purchased the interest, that L&C has no legal right to continue managing and operating the business of Deluge, LLC and the

Brentwood Spring, and that Defendants must provide an Accounting, operating and financial information regarding Deluge, LLC and the Brentwood Spring, including all source documents and contracts, previously requested by Kanter.

## COUNT II
(Violation of M.G.L. c. 93A)

39. Plaintiff repeats and reavers paragraphs 1-38 as if set forth fully herein.

40. Kanter, Werner, Deluge, LLC and L&C are engaged in the conduct of trade or commerce within the meaning of M.G.L. c. 93A, Section 11.

41. The acts of Werner and L&C detailed above constitute unfair and deceptive acts or practices in violation of M.G.L. c. 93A, Section 11.

42. The actions of Werner and L&C detailed above were undertaken willfully and knowingly.

43. The acts complained of occurred primarily and substantially in the Commonwealth of Massachusetts.

44. By virtue of the foregoing, Kanter has suffered substantial harm and damage including, without limitation, loss of profits from the operations of Deluge, LLC.

## COUNT III
(Conversion)

45. Plaintiff repeats and reavers paragraphs 1-44 as if set forth fully herein.

46. Deluge, LLC is a Massachusetts limited liability company owned by Kanter and Portogon. Werner and L&C have no ownership interest in Deluge, LLC or any right to control of the assets, operations or business of Deluge, LLC.

47. Werner and L&C have converted the assets and business of L&C to their own use, without the authorization or approval of Kanter.

48. As a result of the acts of Werner and L&C, Kanter has been damaged in an amount to be determined at trial.

## COUNT IV
### (Accounting)

49. Plaintiff repeats and reavers paragraphs 1-48 as if set forth fully herein.

50. Since converting the business and operations of Deluge, LLC, Werner and L&C have failed to provide an Accounting of the business and operations of Deluge, LLC or the Brentwood Spring, including source documents, such as bank statements, contracts, cancelled checks and credit card statements.

51. A complete Accounting is necessary to determine the current state of the business and operations of Deluge, LLC, to determine whether improper payments have been made to Werner and/or L&C, and to determine whether water is being sold from the Brentwood Spring that is not being credited to Deluge, LLC.

## COUNT V
### (Appointment of Receiver)

52. Plaintiff repeats and reavers paragraphs 1-51 as if set forth fully herein.

53. Werner and L&C are currently operating the business of Deluge, LLC and the Brentwood Spring unlawfully and without authorization of Kanter, and have refused to provide to Kanter an Accounting or any detailed financial information, including source documents.

54. The appointment of a receiver to operate or oversee the business of Deluge, LLC and/or the Brentwood Spring will assure that the business continues without interruption, while providing safeguards against the continued conversion of assets by Werner and L&C.

55. Only if there is closed supervision of the business can Kanter be assured that no further unauthorized expenses, fees and payments will be made to Werner and L&C.

## COUNT VI
### (Preliminary and Permanent Injunctive Relief)

56.     Plaintiff repeats and reavers paragraphs 1-56 as if set forth fully herein.

57.     On December 31, 2003, Kanter demanded by certified letter that Werner provide him at Deluge's registered offices at 109 State Street, Boston, Massachusetts 02109, all documents related to the activities of L&C and Deluge, including but not limited to records of all bank accounts in either Deluge's or L&C's name, all account statements, credit card statements and receipts, signed contracts, including any contracts with Royal Ahold or Ahold USA, purchase orders, paid and unpaid invoices, notes, drafts, checks, cancelled checks, payroll tax returns, Form 1099s, and any other documents or information in connection with the operations of Deluge. Kanter also demanded an Accounting as a Member of Deluge, LLC, and requested that Werner provide him with any legal basis upon which he claimed he was lawfully operating the business of Deluge, LLC, or not producing the requested information. A copy of this letter is attached as Exhibit E. No documents were produced and no legal justification for refusing to provide the requested information was provided.

58.     On January 12, 2004, Kanter once again demanded that the information requested on December 31, 2003 be produced by Werner. A copy of this letter is attached as Exhibit F. No information was produced.

59.     Still without receipt of any detailed information or source documents regarding the operations of Deluge, LLC, Kanter once again demanded the production of those materials on January 29, 2004 to no avail. A copy of this letter is attached as Exhibit G.

60.     On February 19, 2004, Kanter again demanded the production of the requested information, attached as Exhibit H. In response, Werner produced eleven pages of documents concerning the unlawful transfer of Portogon's membership interest in Deluge, LLC to Werner.

As to all of the other requested documents, including the documents concerning the operations of L&C and the Brentwood Spring, Werner has confirmed that all such documents are in either his possession or the possession of L&C, but has refused to produce them.

61. There is no legal basis for Werner or L&C to refuse to produce detailed financial records and source documents to Kanter regarding the operations and business of Deluge, LLC and the Brentwood Spring. Werner has never provided any basis for refusing to produce this information, because there is none. Kanter is entitled to review these records and is entitled to a full Accounting regarding the business, revenues, expenses, assets and liabilities of Deluge, LLC, including all payments to Werner and/or L&C in connection with Deluge, LLC's contracts and the sale of water from the Brentwood Spring.

62. Immediate injunctive relief is warranted where, as here, there is no adequate remedy at law and Kanter will suffer immediate irreparable harm if he is continued to be denied access to information regarding the operations of Deluge, LLC and the Brentwood Spring, and if Werner and L&C are allowed to continue to convert the assets and contracts of Deluge, LLC to their own use.

### III. **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Scott A. Kanter, demands:

a. With respect to Count I, that the Court enter a judgment holding that (i) the purported transfer of a membership interest in Deluge, LLC to L&C in February 2002 is without force and effect, (ii) that Kanter is entitled to purchase the transferred interest on the same terms as the transaction with L&C, (iii) that Defendants have no legal right to continue managing and operating the business of Deluge, LLC and the Brentwood Spring, and (iv) that Defendants must

provide all detailed business, operating and financial information regarding Deluge, LLC and the Brentwood Spring, previously requested by Kanter.

  b. With respect to Count II, that the Court order Defendants to pay to Plaintiff the damages he has sustained, in an amount to be determined, together with interest and costs, as well multiple as damages as provided by M.G.L. c. 93A and reasonable attorneys' fees.

  c. With respect to Count III, that the Court order Defendants to pay to Plaintiff the damages he has sustained, in an amount to be determined, together with interest and costs.

  d. With respect to Count IV, that the Court order Defendants to provide a comprehensive Accounting of the business and operations of Deluge, LLC, L&C and the Brentwood Spring.

  e. With respect to Count V, that the Court order the appointment of a receiver to take possession of and control over the business and affairs of Deluge, LLC and the Brentwood Spring and to collect and retain the net profits of such business until further order of the Court. In the alternative, the Court should appoint a receiver to receive weekly reports of the operations of the business, including detailed expense reports and source documents for all expenses charged to Deluge, LLC.

  f. With respect to Count VI, that the Court grant preliminary and permanent injunctive relief ordering Defendants to produce all records and information concerning the operations of Deluge, LLC, L&C and the Brentwood Spring, to provide an Accounting of the business of Deluge, LLC and the Brentwood Spring, and appointing a receiver to take possession of and control over the business and affairs of Deluge, LLC and the Brentwood Spring and to collect and retain the net profits of such business until further order of the Court.

g.   That the Court grant such other and further relief as it deems just and appropriate.

THE PLAINTIFF DEMANDS A TRIAL BY JURY

THE PLAINTIFF
SCOTT A. KANTER.,

_____

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

Then personally appeared before me the above-named Scott A. Kanter, who swore to me that the facts contained herein were true except those alleged to be on information and belief, and as to those that he believes them to be true.

_____
Notary Public
My Commission Expires: 4/10/09

By his attorneys,

_____
Christopher F. Robertson (BBO No. 642094)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:  (617) 946-4801

DATED: March 10, 2004

15

BO1 15629060.1