UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCOTT A. KANTER and )
DELUGE, LLC, )
)
Plaintiffs, ) CIVIL ACTION NO. 04-10489 (RCL)
)
v. )
)
SCOTT J. WERNER, WERNER )
ENTERPRISES and L&C SPRING ) **RECEIVED**
WATERS OF NEW ENGLAND, LLC (f/k/a ) Clerk's Office
L&C SPRING WATERS OF NEW ) USDC, Mass.
ENGLAND HOLDING COMPANY, LLC.), ) Date 3-29-04
) By _____
Defendants. ) Deputy Clerk

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, APPOINTMENT OF RECEIVER AND DAMAGES

1. This is an action by Scott A. Kanter and Deluge, LLC for a declaratory judgment, injunctive relief, the appointment of a receiver, and damages in connection with Kanter's ownership interest in Deluge, LLC, a closely held Massachusetts Limited Liability Company, and Deluge, LLC's efforts to obtain information and relief from its third-party manager, Scott J. Werner and L&C Spring Waters of New England, LLC. Although the Operating Agreement under which Deluge was formed provides that Kanter is both a member and the sole manager of Deluge, the Defendants have colluded to deprive Kanter of his rights under the Operating Agreement, and to convert the management, operations and proceeds of Deluge, LLC to themselves without obtaining Kanter's written consent, as required by the Operating Agreement and Massachusetts law. As part of this collusion, the Defendants have refused to provide an accounting to Kanter or Deluge, LLC or to produce any of the detailed day-to-day operating information concerning the management and business operations of Deluge, LLC or its primary

asset, a natural water spring located in Brentwood, New Hampshire. Kanter and Deluge, LLC believe that the defendants have refused to provide a detailed accounting, with supporting documentation, including but not limited to bank statements, cancelled checks, transfers and drafts, and credit card statements (the "Accounting"), legal documents and contracts, and other requested information, because they are unlawfully converting the assets of Deluge, LLC and its natural water source to their own use, in the form of unauthorized expenses, management fees, transfer of contracts, and similar unauthorized and improper payments and actions.

## I. PARTIES, JURISDICTION, AND VENUE

2.  Plaintiff Scott A. Kanter ("Kanter") is an individual residing at 5 Rebecca Rd West Newton, MA 02465-1418.

3.  Plaintiff Deluge, LLC is a Massachusetts limited liability corporation with its principal place of business located at 109 State Street, Boston, MA 02110.

4.  Defendant Scott J. Werner ("Werner") is an individual residing, upon information and belief, at 8 Wingate Court, Stratham, NH 03885.

5.  Upon information and belief, defendant Werner Enterprises is an entity under which Werner conducts certain business activities, with a principal address at 8 Wingate Court, Stratham, NH 03885.

6.  Defendant L&C Spring Waters of New England, LLC, formerly known as L&C Spring Waters of New England Holding Company, LLC ("L&C"), is a Delaware limited liability company with its principal place of business in the State of New Hampshire.

7.  This court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

2

8. This court may exercise personal jurisdiction over defendants in that they have transacted business in the Commonwealth of Massachusetts and have derived substantial revenue from goods used or consumed within the Commonwealth of Massachusetts. The acts and practices complained of arose out of the defendants' transaction of business in connection with a Massachusetts limited liability company doing business in the Commonwealth of Massachusetts.

9. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district and involve transactions with a limited liability company with its registered offices in this judicial district.

## II. PLAINTIFFS' CLAIMS

### Background

10. On April 15, 1997, Kanter entered into an Operating Agreement with Portogon Investments, S.A., a Panamanian corporation with offices in Jersey, Channel Islands, to form Deluge, LLC, a Massachusetts limited liability company. The Operating Agreement, attached to the Complaint as Exhibit A, provides that Kanter owns 33.33%, and Portogon owns 66.66% of Deluge, LLC. The Operating Agreement also provides that Kanter is the sole manager and that the registered offices of Deluge are located at 109 State Street, Boston, MA 02109.

11. On June 10, 1997, Deluge, Inc., a Massachusetts corporation whose shareholders were Kanter and Portogon, merged into Deluge, LLC, with Deluge, LLC remaining as the surviving entity. As part of this transaction, a ground lease to 44.19 acres of real property in Brentwood, New Hampshire, and rights to Brentwood Springs a natural spring water source, were transferred to Deluge, LLC. In addition, certain renewable contracts to supply water to

3

third party resellers and an affiliated company were transferred from Deluge, Inc. to Deluge, LLC. The ground lease had been acquired by Deluge, Inc. in 1996.

12.     Between June 10, 1997 and the present, the primary business of Deluge, LLC has been, and continues to be the supply of natural spring water from the Brentwood Spring, to which Deluge, LLC has exclusive rights under the ground lease. The current ground lease runs through September 30, 2006, and is subject to four successive 10 year extensions.

13.     The Brentwood Spring is currently a profitable water source, supplying water to numerous third party vendors under long-term contracts, including, among others, Royal Ahold and Ahold USA, which owns Stop & Shop locally, among other businesses.

14.     Although he is neither a Member nor manager of Deluge, LLC under the Operating Agreement, Werner, who had been a director of Deluge, Inc. but never had any ownership interest in that company, has been managing the day-to-day operations of Deluge, LLC, conditioned upon and with the obligation to report regularly to Kanter regarding the operations of the business. At no time did Kanter delegate any ownership interest to Werner or any written management authority under the Deluge, LLC Operating Agreement. Werner, therefore, has been acting akin to an employee at will, subject to removal at any time.

15.     Subsequent to the formation of Deluge, LLC in 1997, Kanter, who is an accountant, prepared the initial 1997 annual corporate tax return for Deluge, LLC. The 1998 and 1999 tax returns were then prepared by an accounting firm based in Massachusetts. In connection with preparing those returns, Kanter requested each year that Werner provide the accountants with the annual financial information for Deluge, LLC, including revenues, expenses, assets and liabilities. Although he did not provide any detailed information underlying the summary results, through 2000 Werner provided sufficient information for the accountants to

prepare the company's tax returns, and in each of the years 1997, 1998 and 1999, Deluge, LLC reported a profit.

16. Beginning in May 2001, when preparation of the company's 2000 tax returns was in progress by a separate accounting firm in New Hampshire retained by Werner, Werner began to delay providing any financial information related to Deluge, LLC and the Brentwood Spring to Kanter. For example, requests by Kanter in May and June 2001 for balance sheets, income statements, detailed general ledgers and "source documents" for Deluge, LLC went unanswered, or were met with unkept promises to provide the information. This correspondence is attached as Exhibit B.

17. Upon information and belief, during 2000 and 2001 Werner commenced and implemented a plan to take control of the profits emanating from the Brentwood Spring by seeking to move the management of Deluge, LLC to his own operating company, L&C Spring Waters of New England, LLC.

18. On February 20, 2002, Werner and Portogon executed an Assignment and Contribution Agreement by and between Werner, Portogon and L&C. A copy of the Assignment Agreement is attached as Exhibit C. This Agreement purported to transfer a 33.33% interest in Deluge, LLC to Werner. Kanter was never informed of this agreement, nor did he sign any authorization for Portogon's transfer of part of its interest to Werner, as required under the Deluge, LLC Operating Agreement.

19. In addition, Paragraph 12.3 of the Operating Agreement provides that any proposed transfer of an interest by one Member to a third-party creates a right of first refusal to the other Member, in this case Kanter. At no time was Kanter informed of the terms of the offer by Werner to purchase an interest from Portogon as required by the Operating Agreement, nor

was he offered the right to match that offer and acquire the interest transferred by Portogon to Werner for himself.

20. Subsequent to the execution of the Assignment and Contribution Agreement in February 2002, Werner further engaged in efforts to limit Kanter's access to and understanding of the detailed operating information regarding the business, and, upon information and belief, has systematically transferred the management and operations of Deluge, LLC to L&C since that time. All of the day-to-day operations, documents, contracts, revenues and profits of the Brentwood Spring are currently under the control of the Defendants, without any written authorization from Kanter as required in the Operating Agreement.

21. Since February 2002, Werner has provided virtually no detailed information or source documents regarding the day-to-day operations of L&C or the Brentwood Spring to Kanter, as the manager of Deluge, LLC. Despite repeated requests beginning in February 2002, Kanter has been provided no Accounting concerning various expenses charged by Werner and L&C to Deluge, LLC, management fees charged by Defendants to Deluge, LLC without the written authorization of Kanter, or other unidentified payments made by Deluge, LLC to Werner and/or L&C. Copies of requests for information by Kanter to Werner are attached as Exhibit D.

22. On several occasions during 2002 and 2003, Werner again "promised" that he would cooperate in providing the detailed financial information and source documents that had been requested by Kanter but failed to produce the requested information. For example, during several conversations, Werner stated that he would produce detailed general ledgers and certain source documents, but then produced only minimal summary information. See Exhibit E.

23. During late 2002 and into 2003, Kanter became increasingly concerned about his continued inability to obtain detailed financial information regarding the operations of Deluge,

LLC and the Brentwood Spring from Werner. Promises to provide the requested information continued to go unmet, and Werner provided the bare minimum information to allow Kanter to prepare his own personal tax returns, and nothing more.

24. During 2003, Werner provided even less information than he had during 2002, and Kanter's ability to reach Werner became more and more difficult, despite repeated attempts by Kanter to reach him, schedule a meeting, and review the status of Deluge, LLC, L&C and Brentwood Springs. Kanter also sought to obtain information directly from Werner's New Hampshire accountant, but was again provided only summary information without supporting detail or source documents.

25. Although Werner has stated to Kanter and third parties on several occasions that Deluge, LLC and the Brentwood Springs are profitable, since 2000 there have been no distributions made by Deluge, LLC to its Members, including Kanter. Specifically, since moving the accounting from Massachusetts and preventing Kanter from reviewing source documents, the expenses and fees charged to Deluge, LLC have equaled or closely equaled Deluge, LLC's revenue in 2000 through 2002, resulting in no distributions in 2001, 2002 or 2003 to Kanter or Portogon as Members in the LLC. Kanter has never been provided detailed financial information or support for these mysterious and undocumented "expenses" and "fees", and no explanation has ever been given for the basis upon which they were charged to Deluge, LLC.

26. Upon information and belief, Werner has charged expenses to Deluge, LLC that were not authorized by Kanter, including personal travel, personal items, meals and similar expenses.

7

27. Upon information and belief, Defendants have charged excessive management fees to Deluge, LLC, and obtained unauthorized interest-free "advances", "loans" and other distributions from Deluge, LLC, that were not authorized by Kanter.

28. Upon information and belief, Defendants have transferred contracts from Deluge, LLC to L&C or other companies controlled by Werner, in an effort to deprive Deluge, LLC of sales revenues and profits.

29. In 1999, before the Defendants' unlawful conduct, Deluge, LLC had water sales of $272,010, and profits of $49,639 - a profit percentage of 18.2%. Based upon its 2000 tax return, Deluge, LLC had water sales of $470,620. However, despite this increase in sales, and because of the unauthorized and undocumented "expenses" described above, no profit was reported and no distributions were made to the Deluge, LLC Members. Likewise, in 2001 Deluge, LLC had water sales of $618,474, but no distributions were made to the Deluge, LLC Members. Once again, in 2002 Deluge, LLC had water sales of $565,618, but no distributions were made to the Deluge, LLC Members. These 2002 sales figures, which reduced a clear trend of growth in the business, also indicate that contracts may have been transferred from Deluge, LLC to other companies, in violation of the Operating Agreement and Massachusetts law. No distributions have been made to Members during 2003 or 2004.

30. Upon information and belief, Werner and L&C have also used the water supply from the Brentwood Spring in connection with activities of other companies unrelated to Deluge, LLC, to the detriment of Deluge, LLC and its members, including Kanter.

## COUNT I
(Declaratory Judgment)

31. Kanter repeats and reavers paragraphs 1-30 as if set forth fully herein.

8

32. The Deluge, LLC Operating Agreement provides that a lawful transfer of all or part of a Member's interest may only occur in accordance with the provisions of Article XII of the Operating Agreement.

33. On February 20, 2002, Portogon Investments, SA, a 66.66% member in Deluge, LLC, purported to transfer half of its interest in Deluge, LLC to Werner.

34. Paragraph 12.3 provides that any offer to purchase an interest in Deluge, LLC must be presented to the other Member and that Member is granted a right of first refusal. No such right of first refusal was provided to Kanter in connection with Portogon's purported transfer.

35. Paragraph 12.6 of the Operating Agreement provides that any Transferee who does not receive the written consent of all of the remaining Members shall not become a Member and shall have no right to participate in the management of the business or affairs of the Company.

36. At no time did Kanter give his consent to the transfer of an interest in Deluge, LLC to Werner. As a result, Werner is not a Member and has no right to participate in the management of the business or affairs of Deluge, LLC.

37. Upon information and belief, the operations, ownership and management of Deluge, LLC and the Brentwood Spring have been unlawfully transferred to L&C and Werner, without the written authorization or consent of Kanter.

38. Defendants have refused to provide any detailed financial information and Accounting to Kanter in the form requested by Kanter, despite repeated requests.

39. Kanter is entitled to a judgment holding that the purported transfer of a membership interest in Deluge, LLC to Werner by Portogon in February 2002 is without force

BO1 15634493.1

and effect, that Kanter is entitled to purchase the interest on the same terms as Werner offered to purchase it from Portogon, that L&C has no legal right to continue managing and operating the business of Deluge, LLC and the Brentwood Spring, and that Defendants must provide an Accounting, operating and financial information regarding Deluge, LLC and the Brentwood Spring, including all source documents and contracts, previously requested by Kanter.

## COUNT II
(Violation of M.G.L. c. 93A)

40. Plaintiffs repeat and reaver paragraphs 1-39 as if set forth fully herein.

41. Kanter, Deluge, LLC, Werner and L&C are engaged in the conduct of trade or commerce within the meaning of M.G.L. c. 93A, Section 11.

42. The acts of Werner and L&C detailed above constitute unfair and deceptive acts or practices in violation of M.G.L. c. 93A, Section 11.

43. The actions of Werner and L&C detailed above were undertaken willfully and knowingly.

44. The acts complained of occurred primarily and substantially in the Commonwealth of Massachusetts.

45. By virtue of the foregoing, plaintiffs have suffered substantial harm and damage including, without limitation, loss of profits from the operations of Deluge, LLC.

## COUNT III
(Conversion)

46. Plaintiffs repeat and reaver paragraphs 1-45 as if set forth fully herein.

47. Deluge, LLC is a Massachusetts limited liability company owned by Kanter and Portogon. Werner and L&C have no ownership interest in Deluge, LLC or any right to control of the assets, operations or business of Deluge, LLC.

48. Werner and L&C have converted the assets and business of L&C to their own use, without the authorization or approval of Kanter or Deluge, LLC.

49. As a result of the acts of Werner and L&C, Kanter and Deluge, LLC have been damaged in an amount to be determined at trial.

## COUNT IV
### (Accounting)

50. Plaintiffs repeat and reaver paragraphs 1-49 as if set forth fully herein.

51. Since converting the business and operations of Deluge, LLC, Werner and L&C have failed to provide an Accounting of the business and operations of Deluge, LLC or the Brentwood Spring, including source documents, such as bank statements, contracts, cancelled checks and credit card statements.

52. A complete Accounting is necessary to determine the current state of the business and operations of Deluge, LLC, to determine whether improper payments have been made to Werner and/or L&C, and to determine whether water is being sold from the Brentwood Spring that is not being credited to Deluge, LLC.

## COUNT V
### (Appointment of Receiver)

53. Plaintiffs repeat and reaver paragraphs 1-52 as if set forth fully herein.

54. Werner and L&C are currently operating the business of Deluge, LLC and the Brentwood Spring unlawfully and without authorization of Kanter, and have refused to provide to Kanter an accounting or any detailed financial information, including source documents.

55. The appointment of a receiver to operate or oversee the business of Deluge, LLC and/or the Brentwood Spring will assure that the business continues without interruption, while providing safeguards against the continued conversion of assets by Werner and L&C.

56. Only if there is close supervision of the business can Kanter and Deluge, LLC be assured that no further unauthorized expenses, fees and payments will be made to Werner and L&C.

## COUNT VI
### (Preliminary and Permanent Injunctive Relief)

57. Plaintiffs repeat and reaver paragraphs 1-56 as if set forth fully herein.

58. On December 31, 2003, Kanter demanded by certified letter that Werner provide him at Deluge, LLC's registered offices at 109 State Street, Boston, Massachusetts 02109, all documents related to the activities of L&C and Deluge, including but not limited to records of all bank accounts in either Deluge's or L&C's name, all account statements, credit card statements and receipts, signed contracts, including any contracts with Royal Ahold or Ahold USA, purchase orders, paid and unpaid invoices, notes, drafts, checks, cancelled checks, payroll tax returns, Forms 1099, and any other documents or information in connection with the operations of Deluge. Kanter also demanded an Accounting as a Member of Deluge, LLC, and requested that Werner provide him with any legal basis upon which he claimed he was lawfully operating the business of Deluge, LLC, or not producing the requested information. A copy of this letter is attached as Exhibit E. No documents were produced and no legal justification for refusing to provide the requested information was provided.

59. On January 12, 2004, Kanter once again demanded that the information requested on December 31, 2003 be produced by Werner. A copy of this letter is attached as Exhibit F. No information was produced.

60. Still without receipt of any detailed information or source documents regarding the operations of Deluge, LLC, Kanter once again demanded the production of those materials on January 29, 2004 to no avail. A copy of this letter is attached as Exhibit G.

61. On February 19, 2004, Kanter again demanded the production of the requested information, attached as Exhibit H. In response, Werner produced eleven pages of documents concerning the unlawful transfer of Portogon's membership interest in Deluge, LLC to Werner. As to all of the other requested documents, including the documents concerning the operations of L&C and the Brentwood Spring, Werner has confirmed that all such documents are in either his possession or the possession of L&C, but has refused to produce them.

62. There is no legal basis for Werner or L&C to refuse to produce detailed financial records and source documents to Kanter regarding the operations and business of Deluge, LLC and the Brentwood Spring. Werner has never provided any basis for refusing to produce this information because there is none. Plaintiffs are entitled to review these records and are entitled to a full Accounting regarding the business, revenues, expenses, assets and liabilities of Deluge, LLC, including all payments to Werner and/or L&C in connection with Deluge, LLC's contracts and the sale of water from the Brentwood Spring.

63. Immediate injunctive relief is warranted where, as here, there is no adequate remedy at law and Kanter will suffer immediate irreparable harm if he is continued to be denied access to information regarding the operations of Deluge, LLC and the Brentwood Spring, and if Werner and L&C are allowed to continue to convert the assets and contracts of Deluge, LLC to their own use.

### III. **RELIEF REQUESTED**

WHEREFORE, Plaintiffs Scott A. Kanter and Deluge, LLC, demand:

a. With respect to Count I, that the Court enter a judgment holding that (i) the purported transfer of a membership interest in Deluge, LLC to Werner by Portogon in February 2002 is without force and effect, (ii) that Kanter is entitled to purchase the transferred interest on

the same terms as the transaction with Werner, (iii) that Defendants have no legal right to continue managing and operating the business of Deluge, LLC and the Brentwood Spring, and (iv) that Defendants must provide all detailed business, operating and financial information regarding Deluge, LLC and the Brentwood Spring, previously requested by Kanter.

    b.    With respect to Count II, that the Court order Defendants to pay to Plaintiffs the damages they have sustained, in an amount to be determined, together with interest and costs, as well as multiple damages as provided by M.G.L. c. 93A and reasonable attorneys' fees.

    c.    With respect to Count III, that the Court order Defendants to pay to Plaintiffs the damages they have sustained, in an amount to be determined, together with interest and costs.

    d.    With respect to Count IV, that the Court order Defendants to provide a comprehensive Accounting of the business and operations of Deluge, LLC, L&C and the Brentwood Spring.

    e.    With respect to Count V, that the Court order the appointment of a receiver to take possession of and control over the business and affairs of Deluge, LLC and the Brentwood Spring and to collect and retain the net profits of such business until further order of the Court. In the alternative, the Court should appoint a receiver to receive weekly reports of the operations of the business, including detailed expense reports and source documents for all expenses charged to Deluge, LLC.

    f.    With respect to Count VI, that the Court grant preliminary and permanent injunctive relief ordering Defendants to produce all records and information concerning the operations of Deluge, LLC, L&C and the Brentwood Spring, provide an Accounting of the business of Deluge, LLC and the Brentwood Spring, and appointing a receiver to take possession

of and control over the business and affairs of Deluge, LLC and the Brentwood Spring and to collect and retain the net profits of such business until further order of the Court.

    g.    That the Court grant such other and further relief as it deems just and appropriate.

THE PLAINTIFFS DEMAND A TRIAL BY JURY

THE PLAINTIFFS
SCOTT A. KANTER and DELUGE, LLC,

By their attorneys,

_____
Christopher F. Robertson (BBO No. 642094)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:  (617) 946-4800
Telecopier:  (617) 946-4801

DATED: March 26, 2004

CERTIFICATION OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (overnight) on 3/29/04
_____

15

BO1 15634493.1