UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Scott A. Kanter and Deluge, LLC

       Plaintiffs

v.                                                                          Civil Action No. 04-10489 (RCL)

Scott J. Werner, Werner Enterprises, and
L&C Spring Waters of New England, LLC
(f/k/a L&C Spring Waters of New
England Holding Company, LLC.

       Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MEMORANDUM IN SUPPORT OF
DEFENDANT'S OPPOSITION TO
EMERGENCY MOTION FOR CIVIL CONTEMPT

       NOW COMES, Defendant, Scott J. Werner, and opposes Plaintiffs' Emergency Motion for Civil Contempt and Attorney's Fees and Costs on the grounds that Defendant has at all times acted diligently in providing documents and information pursuant to this court's order, and has provided responses in full compliance.  Defendant has requested Plaintiffs articulate specifically what more Plaintiffs contend is due and owing, although Plaintiffs have failed to so state.  Therefore, Defendant has not acted in intentional violation of the court order, has fully complied, and Plaintiffs' Motion is therefore moot.

## I. FACTUAL BACKGROUND

On or about April 15, 1997, Deluge, LLC, a Massachusetts Limited Liability Company was formed. At the time of its formation, it was agreed all interests held in Deluge would be shared equally among three interest holders, namely, Portegon Investments, SA, Scott A. Kanter, an individual, and Scott Werner, an individual. However, on the advice of Scott A. Kanter, it was agreed that Scott Werner's 1/3 interest would be held by Portegon Investments, SA and turned over to Scott Werner at a later date. Providing Mr. Werner with his interest would not be subject to any rights of first refusal or any of the other provisions in the Deluge operating agreement regarding transfer or sale of interest in that as the shareholders all understood, the occurrence did not constitute a transfer and/or sale. (See Affidavit of Scott Werner, Paragraph 1)

Moreover, since the inception of Deluge, Scott Kanter, who is a CPA, has acted as Deluge's accountant and/or overseen the books and records of Deluge and/or Deluge's outside accountants.

As such, Mr. Kanter has had access to the financial records and books of Deluge since the inception of the company up to the present. Even after Mr. Kanter stopped acting as the CPA for Deluge, he remained involved by approving the tax returns for the company before filings, and by overseeing any ledgers or book adjustments as well as the financial records prepared for Deluge by either Tankle & Rosenburg, or Bigelow & Company, accounting firms. (See Affidavit of Scott Werner, Paragraph 2)

Mr. Kanter, who lent approximately $140,000 for the start up of Deluge, has waited until after he has been repaid this money with interest before initiating this action. Mr. Kanter has

visited the offices for Deluge for the specific purpose of reviewing the financial records on several occasions, including visits to the office in Portsmouth, New Hampshire, when Deluge was located there, and visits to the current Alton, New Hampshire, office. He has not only assisted in the keeping of the books and records and preparation of tax returns, but assisted in the transfer of the accounting system over to the current PeachTree accounting program. (See Affidavit of Scott Werner, Paragraph 2)

Mr. Kanter has never been refused access to the books and records of the company, and has in fact availed himself of several opportunities throughout the years to review the books and records first-hand. There have been occasions when instead of coming to the office to review records, Mr. Kanter has insisted on books and records being provided to him. On these occasions, Mr. Kanter has self imposed deadlines which have not always been met, and therefore financial information has not always been provided to Mr. Kanter in accordance with these imposed deadlines, or as quickly as Mr. Kanter requested. (See Affidavit of Scott Werner, Paragraph 4)

Mr. Kanter not only lacks standing for bringing the instant action, but has failed to obtain the required consent of the other members of Deluge as required under the operating agreement in order to institute the instant action. These matters will be more fully argued and developed in Defendant's Motion to Dismiss. Nonetheless, Mr. Werner has voluntarily entered into a stipulated court order requiring the production of certain records and things to Mr. Kanter, and has done so out of a spirit of cooperation and with a continuous effort to resolve Mr. Kanter's issues without the need for further litigation.

Although Mr. Werner has fully complied in a timely manner with the current court order, Mr. Kanter insists on going forward with his Motion for Civil Contempt. In this regard, counsel for Mr. Werner has written to counsel for Mr. Kanter on two separate occasions requesting that counsel for Mr. Kanter articulate specifically what Mr. Kanter contends has not been produced as required by the stipulated court order. As of the date of this Opposition, Mr. Kanter, through his attorneys, has refused to provide any further information in this regard, and has chosen instead to take up this Court's time on a Motion that is moot, and to seek attorney's fees and costs. Mr. Kanter's approach to these matters is not conducive to an amicable resolution of these business disputes. (See Exhibit "A" to this Opposition - Letter of Mr. Monzione to Mr. Robertson of May 12, 2004; and Exhibit "B" to this Opposition - Letter of Mr. Monzione to Mr. Robertson of May 19, 2004.

## II. DEFENDANT HAS FULLY COMPLIED WITH THIS COURT'S ORDER

Although as set forth above, the instant action is subject to dismissal, Mr. Werner, in an effort to cooperate and to avoid the time and expense of protracted litigation, and as means of appeasing Mr. Kanter, instructed his attorneys to stipulate to a court order for the production of certain records and things. That order was apparently not entered by this Court until April 9, 2004 (See Plaintiffs' Memorandum of Law in Support of Motion for Civil Contempt), and therefore, could not have taken effect until on or after April 9, 2004.

As is set forth in Plaintiffs' Motion, Defendant endeavored to compile several boxes of financial records which were provided to Plaintiffs' counsel after "numerous discussions of the

mechanics of producing the information." (See Plaintiffs' Memorandum of Law in Support of Motion for Civil Contempt.) Initially, Defendant expected the documents would be photocopied at Plaintiffs' expense. However, after Plaintiffs refused to wait for copies, the originals of most of these documents were picked up by courier in Alton, New Hampshire, and transported down to Boston, Massachusetts.

The gist of Plaintiffs' arguments set forth in the Motion seems to be that somehow the material is "packaged." However, beyond these mere assertions and descriptive terms, Plaintiffs have failed to be more specific or to provide any evidence to support such charges. In light of the Affidavit of Mr. Werner in support of this opposition, it is clear that all of the data, records, and materials have been turned over. Mr. Werner is unable to deal with this concept of "packaged," which amounts to merely unsubstantiated assertions and characterizations of the materials without further description or specific instruction, and cannot, therefore, be addressed.

Plaintiffs' Motion also mischaracterizes communications between Plaintiffs' counsel and Defendant's counsel. Specifically, Plaintiffs argue in their Motion that counsel for Defendant informed Plaintiffs' counsel that no contracts existed. Attached hereto as Exhibit "C" is a true and correct copy of the letter referred to by Plaintiffs' counsel. In paragraph three of that letter, it is clear that counsel for Defendant expressed his belief that there were no written contracts for the sale of water, specifically for Deluge.

On April 28, 2004, all of the contracts were provided after much effort to locate and send them, and indeed those contracts were either expired or were between L&C Spring Water Suppliers and the customer, not Deluge.

With those contracts was also provided the identity of all customers, and the letter was accompanied by a data disk. This data disk had been requested by Plaintiff's counsel, although it was not required to be produced under the court order. While it may be true that the financial information for the first quarter of 2004 was not produced in strict compliance with the court deadline, ledger adjustments made by the outside accounting firm of Bigelow & Company to the first quarter information for 2004 prevented the information from being immediately available. The bottom line is, as of now, all information required to be produced has in fact been produced, and Plaintiffs' motion is therefore moot.

Plaintiffs' Motion next argues that a separate bank account should have been established, but that Defendant failed to establish it. However, nothing in the stipulated court order requires a separate bank account, only a separate accounting. The financial books and records provided to Plaintiffs thus far clearly enable Plaintiffs to determine that a separate accounting is in fact being kept and maintained for the Deluge account. Because the court order does not require a separate bank account, Defendant cannot be in contempt for failing to establish one. Defendant's reason for not agreeing to establish a separate bank account at this time is that a separate bank account will make the day-to-day operations of the business more difficult, and depending on the outcome of this litigation, the individuals who should be in charge of the account have yet to be determined. Therefore, Defendant cannot be found in contempt for failing to do something that the court order did not require.

## III.  CONCLUSION

Defendant has acted diligently in providing all materials pursuant to the court order.  The Motion was not required to achieve a production, since as of the date of the Motion, all materials had been produced.  For these and for all of the foregoing reasons, Defendant respectfully request that Plaintiffs' Motion in its entirety be denied.

>                               Respectfully submitted,
>
>                               SCOTT J. WERNER, WERNER
>                               ENTERPRISES and L&W WATERS OF
>                               NEW ENGLAND, LLC
>
>                               By Their Attorneys

Date:  May 24, 2004                              By:  /s/Scott A. Birnbaum
                                                 Scott A. Birnbaum (BBO #543834)
                                                 BIRNBAUM & ASSOCIATES, P.C.
                                                 268 Summer Street
                                                 Boston, MA 02210-1108
                                                 (617) 542 3100