**EXHIBIT A**

LAW OFFICES OF

# PAUL M. MONZIONE

TWO SOUTH MAIN STREET • SECOND FLOOR
P.O. BOX 1478
WOLFEBORO, NEW HAMPSHIRE 03894
(603) 569-9599
TELEFAX: (603) 569-0599

EXHIBIT "A"

**VIA FAX AND U.S. MAIL**

May 12, 2004

Christopher F. Robertson, Esq.
Seyfarth Shaw, LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

   Re: <u>Kanter v. Werner</u>

Dear Chris:

   I will avoid the temptation to respond to the opening paragraphs of your letter, other than to say that I, too, disagree with you.

   I do want to understand, however, your position with respect to my clients' compliance with the court order. Specifically, you state that the data disk "still fails to contain the information that Court ordered the defendants to provide. . . ." Please tell me precisely what information you believe is omitted.

   You state that the "data disk also appears to have been 'scrubbed' and was not produced in the form in which it would have been kept in the ordinary course of business. This was not, however, a document production pursuant to Fed. R. Civ. P. 34; rather, we were attempting to provide you with documents "sufficient to ascertain the total water output of the Brentwood Spring from 2001 to the present, all revenues derived from water delivered from the spring, all expenses charged, and all transfers of money of any kind." Please inform me whether you believe that the data disk is not sufficient to permit your client to ascertain this information, and what additional information you may require.

   With respect to the issue of a separate bank account, as you well know, the Court's order does not require that a separate account be established. You have failed to explain why an accounting is not sufficient, particularly as your client must approve all expenses before moneys can be paid, under the Court order.

**BOSTON OFFICE**
268 SUMMER STREET
BOSTON, MA 02210
(617) 292-4900
TELEFAX: (603) 569-0599

**SAN FRANCISCO OFFICE**
1255 POST STREET, SUITE 1025
SAN FRANCISCO, CA 94109
(415) 346-9600
TELEFAX: (415) 928-4136

**PORTSMOUTH OFFICE**
74 BOW STREET, SUITE 206
PORTSMOUTH, NH 03801
(603) 334-9800

While you may disagree, I believe that before we impose ourselves on the Court's time, we attempt to resolve any outstanding issues you believe exist with respect to the Court's order.

I look forward to hearing from you.

Very truly yours,

*Paul M. Monzione* /sml

Paul M. Monzione

PMM:sml
cc: Scott Werner via fax only

# EXHIBIT B

LAW OFFICES OF

# PAUL M. MONZIONE

EXHIBIT "B"

TWO SOUTH MAIN STREET • SECOND FLOOR
P.O. BOX 1478
WOLFEBORO, NEW HAMPSHIRE 03894
(603) 569-9599
TELEFAX: (603) 569-0599

**Via Fax and Mail**

May 19, 2004

Christopher F. Robinson, Esq.
Seyfarth Shaw, LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

    Re:    Scott A. Kanter v. Scott J. Werner, et al.

Dear Chris:

    Thank you for your letter of May 18, 2004, which I just received on my desk this morning. There is absolutely no reason for you to be insulting or hostile, and in fact such an approach on the part of counsel in this case will only work to the detriment of our respective clients. In my opinion, the paramount task you and I have as lawyers in this case is to solve our client's problems and resolve this dispute in a way that is fair and just. Accusing me of the kind of conduct described in your recent letters is not productive nor intelligent, particularly since you have absolutely no understanding of what I have been doing on this end of the case to try to facilitate your client's requests.

    I have been doing this long enough that I am beyond being insulted or taking your comments personally. There is a need however, to correct the record.

    In one of your letters, you took offense that somehow I accused you of intentionally misrepresenting the fact that we had an agreement to open a separate bank account. In fact, in my letter to you on that subject, I stated just the opposite. I was giving you the benefit of the doubt that you were not intentionally misrepresenting these facts. I mentioned that in that letter because it was difficult for me to comprehend how you could have ever interpreted our communications as forming an agreement to open a separate bank account when the discussions involved your having placed that provision in the stipulation without having mentioned it or negotiated for it, and my reasons for not being able to include it. I did say that I believed it was appropriate for the two entities to have separate accountings and that the issue of a separate bank account should be taken up at our meeting. I did this because I do not believe it is wise for us to go through the logistics of establishing a separate bank account when the future of Deluge, as it currently exists, is in question. It is for this reason, and this reason only, that I have taken the position a separate bank

---

| **BOSTON OFFICE** | **SAN FRANCISCO OFFICE** | **PORTSMOUTH OFFICE** |
|---|---|---|
| 268 SUMMER STREET | 1255 POST STREET, SUITE 1025 | 74 BOW STREET, SUITE 206 |
| BOSTON, MA 02210 | SAN FRANCISCO, CA 94109 | PORTSMOUTH, NH 03801 |
| (617) 292-4900 | (415) 346-9600 | (603) 334-9800 |
| TELEFAX: (603) 569-0599 | TELEFAX: (415) 928-4136 | |

account is premature. Depending on the outcome of this litigation, Mr. Werner or Mr. Kanter may no longer be involved with Deluge. There is nothing nefarious nor devious about this subject. The fact that bills are only being paid with Mr. Kanter's approval presently obviates the need for a separate account, which would make the day-to-day operations of Deluge more difficult.

If Mr. Kanter wants to be distrustful of Scott Werner and view all acts and suggestions on Mr. Werner's part as attempts at deception, I suggest that is Mr. Kanter's problem and that you and I as lawyers not let it adversely affect our roles in this case.

I am not hiding behind Bob Lloyd or Scott Werner. The simple fact is, I am not personally compiling any of the materials that are being produced pursuant to the court order. In fact, most of the materials produced in accordance with the stipulated order came directly from the spring in Alton without my seeing them. This is not because I am trying to hide behind anyone, but simply because we are trying to expedite the process of getting you these materials. I am not a witness in this case, nor will I be taking an oath now or at any time to certify the production of anything under the court order. I am sure Scott Werner and those working for him will readily testify as to all they did to respond to the court order. The judge hearing these facts, I am sure, will not have the same unfounded bias as Mr. Kanter.

Additionally, as you know, the Bigelow accounting firm has been handling the books for Deluge. Scott Werner has suggested, and I agree, that arrangements should be made between our offices to have Mr. Kanter and/or any of you meet with or talk to Mr. Bigelow directly regarding all of the financial information, including any adjustments to the ledgers.

With regard to the accusation you make that I stated there were no contracts and thereafter contracts "suddenly appeared," at no time did I ever state that there were no contracts. My letter to you stated that with regard to any current written contracts, I believed there was none. As it turned out, there was no direct written contract between Deluge and any customers. Again, this was an attempt on my part to simply pass on to you my understanding of the situation at the time.

At this point, I believe your client's motion for civil contempt is moot, and you have failed to specifically identify what further you are seeking Scott Werner to produce. Please be advised we will be asking the Court for attorney's fees in our having to oppose your motion. Please also be advised that on behalf of Scott Werner, demand is hereby made this matter be mediated, and failing that, arbitrated as mandated in the operating agreement.

It has always been my view that what is needed here more than anything else is a meeting between the parties as soon as possible, where everyone will have an opportunity to hear first-hand what has transpired in the running of Deluge. The filing of motions that focus on only half the story may be a good way to keep the litigation and attorney's fees and expenses going, but does nothing to help with the resolution of this case. That is the reason in a derivative case such as this, the law requires an interest holder go first to the company before instituting a lawsuit, and this will be one of the initial legal questions the court will have to decide before Mr. Kanter will be

allowed to proceed any further in this case.

    I look forward to hearing from you, and request that you provide me with a date in the near future when we can all get together for a meeting to resolve this matter without the need for further litigation.

                              Very truly yours,

                              Paul M. Monzione

PMM:smj
cc: Scott Werner
    Martin Richardson

# EXHIBIT C

LAW OFFICES OF
## PAUL M. MONZIONE

TWO SOUTH MAIN STREET • SECOND FLOOR
P.O. BOX 1478
WOLFEBORO, NEW HAMPSHIRE 03894
(603) 569-9599
TELEFAX: (603) 569-0599

EXHIBIT "C"

**Via Fax and Mail**

April 23, 2004

Christopher F. Robinson, Esq.
Seyfarth Shaw, LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

    **Re:** Scott A. Kanter v. Scott J. Werner, et al.

Dear Chris:

    This will confirm the voice mail message I left for you today in response to your letter to me of April 21, 2004, which because it was faxed at 7:56 p.m., was not received by me until yesterday, April 22, 2004.

    You will recall when we negotiated the stipulation for order, I specifically informed you there would be no agreement to open a separate bank account for Deluge. Instead, it was agreed there would be a separate accounting, and the stipulation so provides. Therefore, your inquiry as to a separate bank account with signature card is in error.

    I was of the understanding an accounting for the first quarter of 2004 would be forthcoming to you. I will check on this along with information regarding the dedicated accounting and provide this to you as soon as possible. I will also ask for copies of any contracts or agreements with third parties, although I believe there is none.

    As I told you on your voice mail today, the Court order as stipulated to prohibits payments to be made that are not first approved. I am not going to take valuable time confirming a negative for you upon your request. I will confirm that to my knowledge, I have not received, nor have any legal fees been paid on Scott Werner's behalf from Deluge.

    Finally, as I also stated today in my voice mail for you, I will not be spending my time drafting responsive pleadings and attending meetings. If we are going to attempt to resolve this matter amicably through joint efforts and have a meeting once your client is ready, it is my understanding the litigation, other than the stipulated order, is to be held in abeyance. If this is not the case, then you should advise your client that this case will have to be resolved through the

| **BOSTON OFFICE** | **SAN FRANCISCO OFFICE** | **PORTSMOUTH OFFICE** |
|---|---|---|
| 268 SUMMER STREET | 1255 POST STREET, SUITE 1025 | 74 BOW STREET, SUITE 206 |
| BOSTON, MA 02210 | SAN FRANCISCO, CA 94109 | PORTSMOUTH, NH 03801 |
| (617) 292-4900 | (415) 346-9600 | (603) 334-9800 |
| TELEFAX: (603) 569-0599 | TELEFAX: (415) 928-4136 | |

court, and I will immediately prepare a responsive pleading which in the first instance will include a Motion to Dismiss on several grounds. I do not believe Mr. Kanter has standing nor that his claims have merit, but it is clear that the bigger issue is what can be done given the current situation which is unacceptable to Scott Werner and apparently to Scott Kanter. I am willing to work with your office and with my client to resolve this in a way that makes sense. However, I am not going to run up legal fees within the litigation, which is contrary to the cooperation necessary to resolve this case without litigation.

Please confirm for me at your earliest convenience that defendants have an open extension of time in which to file responsive pleadings. Otherwise I will bring this matter to the attention of the Court and explain my understanding that given the stipulation for court order, there was not to be a deadline for responsive pleadings.

I look forward to hearing from you.

Very truly yours,

Paul M. Monzione

PMM:sml
cc: Scott Warner
    Robert Lloyd, Esq.