UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*************************************
                                    *
Scott A. Kanter and Deluge, LLC     *
                                    *
        Plaintiff                   *
                                    *
v.                                  *    Civil Action No. 04-10489 (RCL)
                                    *
Scott J. Werner, Werner Enterprises, and *
L&C Spring Waters of New England, LLC    *
(f/k/a L&C Spring Waters of New          *
England Holding Company, LLC             *
                                    *
                                    *
        Defendant                   *
                                    *
*************************************
```

## AFFIDAVIT OF SCOTT WERNER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CIVIL CONTEMPT

I, Scott Werner, being duly deposed and sworn, state and affirm as follows:

1. In or about April 15, 1997, Deluge, a Massachusetts Limited Liability Company was formed. At the time of its formation, it was agreed the interests in Deluge would be held equally among Portegon Investments, S.A., Scott A. Kanter, an individual, and Scott Werner, an individual. On advice from Scott Kanter, I agreed my 33 1/3 percent interest would be held by Portegon Investments to be returned to me at a later date. The return of this interest would not be subject to any rights of first refusal or any other requirements governing the sale and/or transfer of an interest since my interest would not in fact be transferred, but rather simply returned. As such, I am, and since the inception of Deluge, LLC, have always been a member of

the LLC.

2. In addition to the above, I have managed Deluge from its inception in its day-to-day operations, and Scott Kanter has acted as the accountant for Deluge. After Mr. Kanter stopped doing the accounting for Deluge, he continued to review all tax returns and to authorize their filing through tax year 2000. He did this with his colleges and associates at the accounting firm of Tankle & Rosenburg, in that Mr. Kanter himself is a CPA. He continued to review adjustments by the current accounting office for Deluge, Bigelow and Company through the tax year 2002. Mr. Kanter made yearly visits to the Deluge office in New Hampshire to go over the books and assisted in the transferring of the accounting program to the current "PeachTree" program. At all times since the inception of Deluge, Mr. Kanter has always been welcome to visit the office to review the financial books and records, and as set forth above, has in fact made such visits, including visits to the Portsmouth, New Hampshire office and to the Alton, New Hampshire office. He has never been denied access to any of the financial records of Deluge, and in fact has kept frequent and regular contact with the accounting firms for Deluge overseeing their work and adjustments to the books. Mr. Kanter has been invited on numerous occasions to participate in certain management aspects of the business, but has refused to become involved in any of the day-to-day operations of Deluge.

3. Throughout the time that Plaintiff Scott Kanter provided accounting services for Deluge, LLC, Plaintiff was fully aware of all income and expenses for Deluge, including all expenses incurred by me in my capacity managing Deluge. From its inception, and other than accounting services, Plaintiff has never provided any management services of any kind for the day-to-day operation of Deluge. In fact, as a principle and manager of I. & C Spring Water Suppliers, Inc., a New Hampshire corporation, that is not a party to this action, I am the only

member of Deluge with any expertise or experience in the spring water business. All of the customers, sales, day-to-day operations, contacts, promotions, and running of Deluge has been conducted by me from the inception of Deluge up to the present.

4. All of the financial activities of Deluge, including expenses, have been known to Scott Kanter since the inception of this company. At no time prior to bringing this lawsuit did Mr. Kanter ever object to any of the financial transactions of Deluge, and he has had access to any such financial information from the inception of Deluge to the present. In some instances prior to the filing of this lawsuit, financial information requested by Mr. Kanter was not produced to him on the deadlines he imposed or as quickly as he requested.

5. In addition to being an interest holder, Mr. Kanter is the one who lent the start-up money of approximately $140,000 for Deluge, the terms of the loan being a 6 year loan with interest. It was only after Deluge had repaid Mr. Kanter in full plus all of the interest that Mr. Kanter determined to bring this lawsuit.

6. Although I do not believe Mr. Kanter has standing to bring this case, and the majority interest holders of Deluge have not consented to the bringing of this lawsuit, and in fact object to it, I nonetheless instructed my Attorney to enter into a stipulated court order whereby Mr. Kanter would receive certain financial information that was otherwise available to him. I entered into the stipulated court order not because I thought a court order was necessary, particularly since I have always made the financial records available to Mr. Kanter, but to simply satisfy Mr. Kanter that he was in fact being provided all of the financial information from Deluge to which he is entitled.

7. Accordingly, on April 9, 2004, a stipulated court order was entered by this Court. At the time of entering into this stipulation, I attempted in good faith to determine a reasonable date by which all of the financial information could be physically provided to Mr. Kanter. However, at

the time of the stipulation, I was and continued to be occupied with the day-to-day operation and management of Deluge and of L. & C Spring Water Suppliers, Inc.

8. In accordance with the court order, approximately 12 boxes of financial documents were put together at the office of L & C Spring Water in Alton, New Hampshire, where the Deluge financial records are kept in accordance with an arrangement between L. & C Spring Water and Deluge. These 12 boxes were condensed to 9 boxes for purposes of shipping them to Boston once we learned that Mr. Kanter was refusing to come to the office to photocopy the documents. Two of these boxes contained what are called "pink slips" which are from the Deluge Brentwood Spring, which are generated as each tanker-truck takes water from the Spring. An agreement with Plaintiff was reached that these "pink slips" would remain as backup material since the actual invoices for the month were being supplied, and therefore the same information was being turned over. Mr. Kanter sent someone to transport the seven boxes of financial documents, and on April 8, 2004, these documents were turned over to his agent. A true and correct copy of a receipt for these boxes is attached hereto as Exhibit A.

9. The accountant for Deluge is an outside firm called Bigelow & Company in Portsmouth, New Hampshire. On April 8, 2004, ledgers for all of the financials were sent to Mr. Kanter's attorneys.

10. On April 28, 2004, identifications of customers and copies of contracts were provided by mail to Mr. Kanter's attorneys.

11. Although the court order did not require it, on May 7, 2004, my attorney forwarded to Mr. Kanter's attorney the data disc for all of the financial information required to be produced. This data disc included the financial information for the first quarter of 2004, which was required to be produced under the court order, but which was delayed in getting to Mr. Kanter's attorneys.

12. As of the sending of the data disc, all of the information required by the court order to be provided, was in fact provided, and the Motion for Civil Contempt is completely moot. On May 12, 2004, and again on May 19, 2004, my attorney wrote to Christopher Robertson, one of the attorneys for Plaintiff, and asked for clarification as to what information Plaintiffs contend has not been supplied. To date, Plaintiff's attorneys have not responded to that letter with any specific response as to what information they contend has yet to be produced.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of May, 2004, in Kuwait.

_Scott Werner_ 5/24/04
Scott Werner

# EXHIBIT A

## L & C
## SPRING WATERS OF NEW ENGLAND, LLC
"Natural Spring Water"

Source: Fountain Springs
Alton NH 03809
Tel: (603) 293-2225
Fax. (603) 293-4703

Brentwood Springs
Brentwood, NH 03833
Office: PO Box 1330
Alton, NH 03809

APR 8 2004

EXHIBIT "A"

## Document Release Form

- **Box 1 - Invoices** *(Originals)*
  **Bank Statements 2002**
  **General Ledger Payables 2002**

- **Box 2 - Invoices** *(Originals)*

- **Box 3 - Invoices** *(Originals)*

- **Box 4 - Invoices** *(Originals)*

- **Box 5 - Invoices** *(Originals)*

- **Box 6 - 2001 General Ledger Payables**
  **2003 General Ledger Payables**
  **Bank Statements 2003**
  **Bank Statements 2001**

- **Box 7 - Invoices** *(Originals)*

April 8, 2004

The above-mentioned documents were received by VESSELIN STOYANOV, in good condition and in the precise order stated. _____ assumes all liability in regard to the above-mentioned documents, including the return of the above-mentioned documents in the exact and precise manner in which they were received.

_____
Signature

Print Name  VESSELIN STOYANOV
BREAD RUNNER
617/423 2263