UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT A. KANTER and DELUGE LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SCOTT J. WERNER, WERNER )<br>ENTERPRISES and L&C SPRING )<br>WATERS OF NEW ENGLAND, LLC (f/k/a )<br>L&C SPRING WATERS OF NEW )<br>ENGLAND HOLDING COMPANY, LLC.), )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04-10489(RCL) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A**
**SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF THEIR MOTION FOR CONTEMPT**

The Plaintiffs, Scott Kanter and Deluge LLC, hereby move for leave to file the attached Supplemental Affidavit of Scott Kanter in further support of their Motion for Contempt and Motion for Receiver. As set forth in the affidavit, the defendants continue to willfully violate the Court's prior injunctive order and dissipate assets from the Brentwood Spring, to the permanent detriment and damage of the plaintiffs. Specifically, despite being ordered to disclose and obtain approval for every expense attributable to the Brentwood Spring, for almost three months since the entry of the Court's order the defendants have failed to provide any such disclosure or obtain such approval, save for a few limited expenses.

In addition, as set forth in the affidavit, it appears that Scott Werner's conversion and dissipation of the assets of the Brentwood Spring continues unabated. There continue to be unauthorized loans, advances and transfers of cash, unauthorized travel expenses and professional fees. It also appears that Werner is removing water from the Brentwood Spring on

behalf of other companies under his control, without paying Deluge LLC for that water. He has also charged the expenses for that water to Deluge LLC, further dissipating its assets. Only a finding of contempt and the appointment of a receiver will stop this unlawful conduct.

Since the entry of the Court's Order, plaintiffs have made several demands upon the defendants to obtain access to the bank accounts that govern the cash receipts of the Brentwood Spring, and from which expenses are paid. Defendants have continually refused to provide such access, and have refused to provide any disclosure of the cash activity in those bank accounts. Thus, despite the Court's requirement of a dedicated accounting, plaintiffs have no idea what transactions have occurred or where the cash has gone. Moreover, Werner has recently confirmed that no escrow has been established as required by the Court's order, and there has been no effort to set aside $5,000 per month as required by the Court's order.

As set forth in the Supplemental Affidavit, and contrary to the opposition submitted by the defendants, the other owner of Deluge LLC and the Brentwood Spring, Portogon Investments, supports Kanter's effort to remove access to the cash receipts of the Brentwood Spring from Werner and his related companies and to gain control over Werner's unfettered and unchecked access to the Spring.

WHEREFORE plaintiffs Scott Kanter and Deluge LLC respectfully request that the Court grant their motion for leave to file the accompanying Supplemental Affidavit of Scott Kanter in support of their Motion for Contempt and Motion for Appointment of a Receiver, grant their Motion for Contempt and Motion for Receiver, and award plaintiffs their costs in bringing the Motion for Contempt, including their reasonable attorneys fees.

        Respectfully Submitted,

        SCOTT A. KANTER and DELUGE LLC,
        By their attorneys,


          /s/ Christopher F. Robertson
        Christopher F. Robertson (BBO No. 642094)
        SEYFARTH SHAW LLP
        World Trade Center East
        Two Seaport Lane, Suite 300
        Boston, MA 02210-2028
        Telephone:    (617) 946-4800
        Telecopier:    (617) 946-4801


Date: July 9, 2004

BO1 15654081.1

## LOCAL RULE 7.1(A)(2) CERTIFICATION

In compliance with Local Rule 7.1(A)(2) of the United States District Court for the District of Massachusetts, the undersigned counsel for the plaintiffs hereby certifies that counsel for the parties have conferred in an effort in good faith to resolve or narrow the issues presented by this motion. Specifically, plaintiffs' counsel conferred with opposing counsel seeking to resolve the issue of the defendants' civil contempt, the appointment of a receiver and the scheduling of a hearing. The parties were unable to agree, necessitating the present motion.

    /s/ Christopher F. Robertson
Christopher F. Robertson

## CERTIFICATE OF SERVICE

On July 9, 2004, I caused to be served a copy of the foregoing document by first class mail, postage prepaid, upon all counsel of record.

    /s/ Christopher F. Robertson
Christopher F. Robertson