UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT A. KANTER and DELUGE LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SCOTT J. WERNER, WERNER ) <br> ENTERPRISES and L&C SPRING ) <br> WATERS OF NEW ENGLAND, LLC (f/k/a ) <br> L&C SPRING WATERS OF NEW ) <br> ENGLAND HOLDING COMPANY, LLC.), ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 04-10489(RCL) |

**PLAINTIFFS' MOTION FOR APPOINTMENT OF RECEIVER**

The Plaintiffs, Scott Kanter and Deluge LLC, hereby move for the appointment of a receiver in connection with managing the income and expenses of Deluge LLC and the Brentwood Spring. As set forth in the accompanying Supplemental Affidavit of Scott Kanter, the defendants continue to willfully violate the Court's prior injunctive order and dissipate assets from the Brentwood Spring, to the permanent detriment and damage of the plaintiffs. Specifically, despite being ordered to disclose and obtain approval for every expense attributable to the Brentwood Spring, for almost three months since the entry of the Court's order the defendants have failed to provide any such disclosure or obtain such approval, save for a few limited expenses.

In addition, based upon the limited disclosures that have been provided by defendants, it appears that Scott Werner's conversion and dissipation of the assets of the Brentwood Spring continues unabated. There continue to be unauthorized loans, advances and transfers of cash, unauthorized travel expenses and professional fees. In addition, it appears that Werner is

removing water from the Brentwood Spring on behalf of other companies under his control, without paying Deluge LLC for that water. As set forth in the Verified Complaint in this action and the Supplemental Affidavit of Scott Kanter, Deluge LLC has an exclusive lease to the Brentwood Spring and all water removed from the Spring must be paid for at market rates to Deluge LLC. Not only has Werner converted water for his own use without compensation, he has charged the expenses for that water to Deluge LLC, further dissipating its assets. Only the appointment of a receiver will stop this unlawful conduct.

Werner has continued to make significant unauthorized "loans" to himself during the pendency of this action and in direct violation of the Court's order. Based on the limited information that has been provided, it is clear that Werner continues to view the Brentwood Spring as he personal asset, and does not believe he has any obligation, despite the Court's order to the contrary, to disclose and obtain approval for these transactions. Only the appointment of a receiver will stop these blatant and willful violations of the court's prior order.

Since the entry of the Court's Order, plaintiffs have made several demands upon the defendants to obtain access to the bank accounts that govern the cash receipts of the Brentwood Spring, and from which expenses are paid. Defendants have continually refused to provide such access, and have refused to provide any disclosure of the cash activity in those bank accounts. Thus, despite the Court's requirement of a dedicated accounting, plaintiffs have no idea what transactions have occurred or where the cash has gone. Moreover, Werner has recently confirmed that no escrow has been established as required by the Court's order, and there has been no effort to set aside $5,000 per month as required by the Court's order.

Although Werner has asserted that the business would be harmed by appointing a receiver, he has spent the majority of the last three months traveling overseas, including several

lengthy trips to Kuwait, where he signed his affidavit in opposition to plaintiffs' motion for contempt.  Any argument that the business requires his presence or on-site management to operate is belied by he extensive absences from the business during these lengthy trips overseas.  In addition, plaintiffs are not seeking to remove Werner from an operational role over the business, but rather are seeking only to appoint a receiver who will move all accounts to a separate bank account out of the control of Werner, receive and document the cash receipts of the Brentwood Spring, and authorize all payments of expenses.  A receiver appointed in this role will assure that no further unauthorized transfers of cash occur and all unauthorized removals of water immediately cease.  If the Court grants the plaintiffs motion, plaintiffs will propose several names of appropriate receivers within three (3) days of the Court's order.

As set forth in the accompanying affidavit of Scott Kanter, the other owner of Deluge LLC and the Brentwood Spring, Portogon Investments, supports this effort to remove access to the cash receipts of the Brentwood Spring from Werner and his related companies.  Although discussions have occurred in an attempt to resolve this dispute, the proposals advanced by Werner would still provide him with substantial control over the finances and assets of the Spring.  These proposals also deny any obligation to reimburse the members of Deluge LLC for Werner's previous conversion of the assets of Deluge.  These proposals, which do nothing to assure that Werner's unlawful conduct will not continue unabated, are unacceptable.

WHEREFORE plaintiffs Scott Kanter and Deluge LLC respectfully request that the Court grant their motion to appoint a receiver to oversee the cash receipts and payment of expenses at the Brentwood Spring.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Rule 7.1(D) of the Local Rules of the United States District Court for the District of Massachusetts, plaintiff Scott Kanter requests oral argument on this motion. Scott Kanter believes that oral argument will assist the Court in resolving the issues in dispute.

        SCOTT A. KANTER and DELUGE LLC,
        By their attorneys,


          /s/ Christopher F. Robertson
        Christopher F. Robertson (BBO No. 642094)
        SEYFARTH SHAW LLP
        World Trade Center East
        Two Seaport Lane, Suite 300
        Boston, MA 02210-2028
        Telephone:    (617) 946-4800
        Telecopier:    (617) 946-4801

Date: July 9, 2004

## LOCAL RULE 7.1(A)(2) CERTIFICATION

In compliance with Local Rule 7.1(A)(2) of the United States District Court for the District of Massachusetts, the undersigned counsel for the plaintiffs hereby certifies that counsel for the parties have conferred in an effort in good faith to resolve or narrow the issues presented by this motion. Specifically, plaintiffs' counsel conferred with opposing counsel seeking to resolve the issue of the defendants' civil contempt, the appointment of a receiver and the scheduling of a hearing. The parties were unable to agree, necessitating the present motion.

        /s/ Christopher F. Robertson
        Christopher F. Robertson

## CERTIFICATE OF SERVICE

On July 9, 2004, I caused to be served a copy of the foregoing document by first class mail, postage prepaid, upon all counsel of record.

        /s/ Christopher F. Robertson
        Christopher F. Robertson