UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
Scott A. Kanter and Deluge, LLC           \*
                                          \*
        Plaintiffs                        \*
                                          \*
v.                                        \*    Civil Action No. 04-10489 (RCL)
                                          \*
Scott J. Werner, Werner Enterprises, and  \*
L&C Spring Waters of New England, LLC     \*
(f/k/a L&C Spring Waters of New           \*
England Holding Company, LLC.             \*
                                          \*
                                          \*
        Defendants                        \*
                                          \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR RECEIVER**

**Introduction**

     Defendants hereby oppose the Motion of plaintiffs to hold defendants in contempt and/or appoint a receiver. Initially, defendants point out that plaintiffs have previously brought a Motion for Contempt which defendants opposed. Much of what plaintiffs argue in the instant Motion was previously argued by the plaintiffs in the initial motion. Therefore, Defendants incorporate by this reference all of the facts and arguments set forth in their Opposition to Plaintiffs' (first) Motion to Compel, including the testimony set forth in the Affidavit of Scott Werner in support of that opposition and by this reference, incorporate it as though fully herein set forth. For the Court's convenience, defendants attach hereto as Exhibits A and B,

1

Defendants' Opposition to that Motion and the supporting affidavit of Scott J. Werner, respectively.

Defendants also respectfully direct this Court's attention to defendants' motion to dismiss filed by defendants in response to plaintiffs' first amended complaint and ask this Court to take judicial notice of that motion and the arguments therein set forth. As defendants' Motion to Dismiss establishes, resolution of all issues in this case, including those raised by plaintiffs' present motion, must be resolved by mediation or binding arbitration, and not by this present action. For all of the reasons set forth in defendants' motion to dismiss, plaintiffs' current motion must be denied.

Notwithstanding the above, should this Court decide to entertain plaintiffs' present motion, defendants further point out that plaintiffs in their motion fail to produce a shred of evidence or to identify any facts to support the bald assertions set forth in the Supplemental Affidavit of Scott A. Kanter. Without identifying any witnesses, documents, or most importantly facts to support his assertions, Mr. Kanter simply accuses Mr. Werner of failing to provide access to the books and records of Deluge, even though a third-party accountant and a software program, both of which are and have been accessible to Mr. Kanter as a member of Deluge, contain the information plaintiffs seek. Plaintiffs accuse Mr. Werner of taking tens of thousands of dollars in money from the Deluge, Brentwood Spring. Yet, other than Mr. Kanter's belief such acts have occurred, plaintiffs provide no basis for these statements. Such ipsi dixit assertions cannot provide the basis of an appointment of a receiver or a finding of contempt. Plaintiffs have failed to introduce any competent and admissible supporting evidence and present nothing other than Mr. Kanter's bald assertions and conclusions as to what Mr. Kanter thinks

might be occurring.  Mr. Kanter's testimony is contrary to the evidence in this case, and Mr. Werner's affidavit in support of this opposition requires that plaintiffs' motion be denied.

For example, Mr. Kanter asserts that Mr. Werner has taken tens of thousands of dollars from Deluge and has transferred water from the Brentwood Spring to other companies in Mr. Werner's control.  However, Mr. Kanter provides absolutely no factual basis for those unfounded conclusions.  He identifies no witnesses and references no corroborating facts or documents.  Such statements are simply mere conclusions and bald assertions without any basis in truth or fact.  An affidavit that simply contains conclusory statements and opinions without setting forth a reasonable basis should not be given any weight by this Court.

Another example of unsubstantiated allegations is Mr. Kanter's testimony in his supplemental affidavit that Portogon Investments, who according to Mr. Kanter is a 66 2/3 shareholder in Deluge, supports the present lawsuit.  However, attached hereto as Exhibit C is an Affidavit of Martin Richardson, the representative of Portogon Investments, and the individual whose signature appears on the operating agreement for Deluge on behalf of Portogon.  As the Court can see, in that affidavit, Mr. Richardson makes clear the fact that Portogon's position is that any disputes between Mr. Kanter and Mr. Werner be resolved in accordance with the mandatory mediation and arbitration requirements of the Deluge operating agreement.  The testimony of Mr. Richardson in this regard not only demonstrates the untrustworthiness and lack of factual support of Mr. Kanter's testimony, but establishes that the instant case does not belong in this Court, but rather is required to be mediated, and failing that, arbitrated as provided for in the operating agreement.

To this end, the parties, with the assistance of Martin Richardson, have exchanged settlement proposals and have undertaken settlement negations to resolve all of the issues framed in the complaint on file in this action. For all of these reasons and for the reasons set forth in the affidavits of Scott Werner, and as more fully argued herein below, plaintiffs' motion must be denied.

**Defendants Have Complied With The Current Court Order**

Defendants voluntarily stipulated to have this Court enter an order requiring certain acts and disclosures on the part of defendants. Since the effective date of that order, Scott Werner has endeavored in every reasonable way to comply fully with the terms and provisions of that court order while at the same time making sure that such compliance did not work to the detriment of Deluge, LLC or L&C Spring Water Suppliers, Inc. As such, Mr. Werner's compliance with the court order has not always been in as timely a manner as Mr. Kanter would like, nor has it always been in perfect compliance. However, as set forth in defendants' previous opposition, several boxes of financial documents, including source documents, were timely provided to plaintiffs in accordance with the court order. Thereafter, requests for approvals for bills have been made through a rather detailed and tedious process described in the Affidavit of Mr. Werner in Support of this Opposition. This tedious process may have resulted in a delay in getting bills to plaintiffs' counsel for plaintiffs' approval. However, as is demonstrated in the testimony of Mr. Werner contained in his affidavit in support of this opposition, at no time has Mr. Werner taken any assets of Deluge for his personal benefit or transferred any of the assets of Deluge into any companies controlled or owned by Mr. Werner. As the testimony of Mr. Werner establishes, Mr. Kanter, both as a member of Deluge and in accordance with the current

order, has always been given access not only to the Peachtree accounting software program for Deluge, but to Bigelow and Company, the accounting firm for Deluge.

**A Receiver Is Unnecessary And Imposes An Undue**
**Expense On Deluge To The Detriment Of The Company**

      As Portogon has stated, it prefers no further action of this Court be sought or taken and that these internal company disputes be resolved by settlement efforts of the parties.  Mr. Werner is in the process of negotiating a resolution of all issues raised in the instant action.  Mr. Werner has agreed, among other things, to have all substantive decisions of Deluge determined by a Board of Directors; to turn over all control of the financial books and records to an outside accounting firm; to have all such books and records audited by an outside accounting firm; and to reimburse Deluge any amounts that are demonstrated to be reimbursable.[1]  Mr. Werner has also agreed to include in these negotiations, all issues concerning his employment contract for services and for any salary, benefits, and expenses as proposed by plaintiffs.  Mr. Werner has agreed that Mr. Kanter may have unfettered access to the Peachtree accounting program and to all source documents as long as Mr. Kanter's access is scheduled in a way that does not interfere with the orderly operation of the business.

      The Court should understand that it is Mr. Werner and not Mr. Kanter, who is responsible for all of Deluge's clients and business and for the day-to-day operation of Deluge in all respects.  Mr. Kanter, although identified as Manager in the operating agreement, has performed no such management duties since the inception of the company and up to the present, other than to bring this unauthorized instant action.

---

[1] Mr. Werner denies that there are any such reimbursements due and owing.

Instead of a receiver or a contempt finding, what is needed is an order of this Court requiring that the parties continue in their mediation efforts, and failing that, that any disputes be resolved by binding arbitration, both of which are called for in the operating agreement of Deluge. It is the position of Portogon that this is the way disputes be handled.

Requiring the mediation as provided for in the operating agreement will assure plaintiffs a fast and reasonable resolution of any claims or issues they have raised in this case, and will result in a substantial economic savings to all parties, including Deluge. As such, it is the most practical solution and is in the best economic interest of all concerned.

Other than Mr. Kanter's unsupported assertion that if a Receiver is not appointed, irreparable harm will result, like all of Mr. Kanter's other assertions in his testimony, there is no basis in fact to demonstrate such irreparable harm. As such, the parties should be permitted to continue their mediation efforts and to resolve their internal differences in accordance with the operating agreement of Deluge.

**Conclusion**

      For all of the foregoing reasons, defendants respectfully request that plaintiffs' motion be denied and that the parties be ordered to continue in their mediation efforts to resolve all issues raised by plaintiffs.

Respectfully submitted,

SCOTT J. WERNER, WERNER
ENTERPRISES and L&W WATERS OF
NEW ENGLAND, LLC

By Their Attorneys

Date: July 23, 2004                    By: /s/ Melissa M. Longo
                                                  Scott A. Birnbaum (BBO #543834)
                                                  Melissa M. Longo (BBO #647649)
                                                  BIRNBAUM & ASSOCIATES, P.C.
                                                  268 Summer Street
                                                  Boston, MA 02210-1108
                                                  (617) 542 3100

CERTIFICATE OF SERVICE

      I hereby certify that on this the 23rd day of July, 2004, a true and correct copy of the within Memorandum was sent via first class mail to Christopher Robertson, Esq.

                                                  /s/ Melissa M. Longo
                                                  Melissa M. Longo, Esq.