UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
|  |  |
|---|---|
| Scott A. Kanter and Deluge, LLC | \* |
| Plaintiffs | \* |
| v. | \*   Civil Action No. 04-10489 (RCL) |
| Scott J. Werner, Werner Enterprises, and L&C Spring Waters of New England, LLC (f/k/a L&C Spring Waters of New England Holding Company, LLC. | \* |
| Defendants | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF SCOTT J. WERNER

I, Scott J. Werner, being duly deposed and sworn declare as follows:

1. This affidavit is being submitted in opposition to Plaintiffs' Motion for Appointment of Receiver in the above-captioned case, and in response to the Supplemental Affidavit of Scott A. Kanter filed to support that Motion. I make this affidavit from my own personal knowledge, and if called upon, I could and would competently testify to the facts and information set forth in this affidavit.

2. Since the effective date of the stipulated court order in this case, I have endeavored to fully comply with all of its terms and provisions, while at the same time fulfilling my responsibilities for the day-to-day running of L&C Spring Water Suppliers, Inc. and Deluge, LLC.

3. The basis of Plaintiffs' motion to appoint a receiver and for contempt is that Plaintiffs

1

are unhappy with the timing of my compliance with the current court order, and without any detailed explanation or supporting evidence, are making bald assertions that I have engaged in conduct in violation of the order or in violation of my duties to the companies. As is more fully detailed below, I deny these bald assertions, and state that I have endeavored in every instance to provide information to Plaintiffs pursuant to the court order as quickly as is practicable.

4. In one instance, with regard to the escrowing of $5,000, a provision in the court order that was established in lieu of my taking a $7,500 salary, Deluge, LLC, has been unable, due to a lack of funds, to escrow this amount. Through my counsel, I have advised counsel for the Plaintiffs that this money will be escrowed once Deluge is in a position to escrow it. Prior to my voluntarily entering into a stipulation for the subject court order, Deluge, LLC, was paying me $7,500 per month to run the business. In accordance with the stipulated court order, I agreed to receive $2,500 per month and escrow the balance of $5,000.

5. Through my counsel, I have continued to submit bills for approval for Deluge expenses before paying the bills. This process is involved in that the bookkeeper for Deluge must first compile the bills and then get them to my attorney's office. My attorney must then take the time and have the opportunity to transmit the bills to counsel for Plaintiffs, keeping track of those that are transmitted and providing an appropriate cover letter. We are then required to wait until plaintiffs' counsel transmits the bills to Scott Kanter, who then must review them and get back to his counsel with approval. Plaintiffs' counsel must then get back to my counsel with that approval, which is then passed along to me. Given the process and the time it takes to go through it, I have endeavored as best I can to assure that the requirement to have all bills for Deluge approved in advance of payment be fulfilled.

6. I have never transferred any assets from the Brentwood Spring without disclosure or approval, and more importantly I have never threatened to interrupt or damage the business or

the spring in any way. Such assertions on the part of Mr. Kanter are without any factual basis or support, and Mr. Kanter's affidavit lacks any specifics or details to support the scurrilous assertion.

7. As I testified in my earlier affidavit in this case, the Peachtree software program that Deluge uses for its accounting was established with the input and assistance of Mr. Kanter. Additionally, the books and records of Deluge have been handled and overseen by a third-party outside accountant, Bigelow and Company. In his capacity as a member of Deluge, Mr. Kanter has had every opportunity to review the Peachtree program and to meet with the company's accountants to review any financial books or records. Moreover, as I have previously testified in my earlier affidavit in this case, I have never prevented Mr. Kanter from having access to any of this information.

8. In his supplemental affidavit, Mr. Kanter states, and once again without identifying any corroborating evidence that the financial documents he has received in accordance with the stipulated court order have been "scrubbed." However, Mr. Kanter, who is a CPA, provides no definition of this term nor any evidence for its use. Instead, he simply states without factual basis the information has been "scrubbed." Mr. Kanter should be required at a minimum to describe in specific detail what he means by the term "scrub" and to produce relevant and admissible evidence to meet his burden of proof in this regard. Mr. Kanter will be unable to do so, as I have never altered or in any way falsified nor directed anyone else to alter or falsify any of the financial documents produced to Mr. Kanter.

9. Mr. Kanter testifies that it appears that over the last two months there have been tens of thousands of dollars in loans, advances, and other payments to defendants in this case from Deluge not previously disclosed to the plaintiffs. This assertion is absolutely false, and I have not taken or caused to be transferred any unauthorized payments from Deluge. Additionally, I

have not paid any unauthorized professional fees or legal fees with Deluge money.

10. Contrary to the assertions in Mr. Kanter's affidavit, no water is being pumped from the Brentwood Springs for companies under my control without payment to Deluge. In fact, all of the water that comes out of the Brentwood Springs is carefully accounted for by meters and is overseen by the property owner, Mr. Parenceau, with whom Deluge has a lease agreement. I anticipate that Mr. Parenceau will testify in this case by affidavit or otherwise, that he keeps careful control over the water coming from the Brentwood Spring pursuant to that lease and will verify the truth that no water is being taken for which Deluge and Mr. Parenceau are not being paid and will demonstrate that Mr. Kanter's bald assertions are once again false.

11. Finally, as is typical of all of Mr. Kanter's unfounded and unsubstantiated testimony as set forth in his supplemental affidavit, Mr. Kanter testifies that Portogon Investments, who Mr. Kanter testifies is a two-thirds owner of Deluge, supports the present action. However, the truth is that Martin Richardson, the representative of Portogon Investments does not support the present action, and instead favors that the mediation provisions of the Deluge operating agreement be enforced such that the parties resolve these differences in mediation or in some form of alternative dispute resolution. Attached to my opposition to Plaintiffs' Motion as Exhibit C is an Affidavit of Martin Richardson setting forth these facts. Accordingly, once again, Mr. Kanter's testimony is without factual basis.

12. While it is true that negotiations to resolve this entire action are ongoing with the help and assistance of Martin Richardson from Portogon Investments, it is not true that I have refused to relinquish control over the spring or that I have threatened to shut down and damage the business.

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 23rd day of July, 2004, in Boston, Massachusetts.

/s/ Scott J. Werner_____

Scott J. Werner