UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                                          \*
Scott A. Kanter and Deluge, LLC           \*
                                          \*
            Plaintiffs                    \*
                                          \*
v.                                        \*    Civil Action No. 04-10489 (RCL)
                                          \*
Scott J. Werner, Werner Enterprises, and  \*    **DEFENDANTS' OPPOSITION TO**
L&C Spring Waters of New England, LLC     \*    **PLAINTIFFS' MOTION FOR A**
(f/k/a L&C Spring Waters of New           \*    **STATUS CONFERENCE**
England Holding Company, LLC.)            \*
                                          \*
                                          \*
            Defendants                    \*
                                          \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW COMES the Defendants, by and through their attorneys, Law Offices of Paul M. Monzione, P.C., and hereby opposes the Plaintiffs' Motion for a Status Conference and, in support thereof, state as follows:

1. The Plaintiffs initiated this civil action asserting claims, which are in essence, all derivative in nature. All of the claims involve the management or operations of Deluge, LLC. Count I alleges that the Defendants breached the Operating Agreement and seeks an "accounting" and to recover damages for this breach and seeks Declaratory Judgments regarding the rights and responsibilities of the parties pursuant to the Deluge, LLC Operating Agreement. See Amended Complaint at ¶¶ 32-40. Counts II through VI are all based on the same set of facts regarding the management and operation of Deluge, LLC, and request damages allegedly arising out of the

1

mismanagement and operation of Deluge. See Id. at Request for Relief ¶¶ (b) through (f). The Amended Complaint further requests relief pursuant to Section 12 of the Deluge, LLC, Operating Agreement. Id. at ¶¶ 32-35.

2. Under cover of December 17, 2004, the Plaintiffs filed with this Court a Motion for a Status Conference seeking to involve the Court's supervision in the minutia of a multitude of issues. Plaintiffs' Motion should be denied because the Court's involvement at this juncture would be premature in light of the Defendants' pending dispositive motion and presents a high likelihood of a waste of judicial resources in matters that could more readily be resolved by the parties on their own or through the mandatory Alternative Dispute Resolution (ADR) mechanisms contained in the Deluge, LLC Operating Agreement, which the Plaintiffs seek to enforce in this action.

3. Pursuant to Federal Rules of Civil Procedure 16(a), it is within the discretion of the Court to "direct the attorneys for the parties . . . to appear before it for a conference or conferences before trial for such purposes as: (1) expediting the disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of a trial through more thorough preparation; and (5) facilitating settlement of the case." Fed. R. Civ. P. 16(a).

4. The Court should not convene a status conference at this time given the Defendants' pending Motion to Dismiss or for a Stay, in light of the mandatory alternative dispute resolution provision of the Deluge, LLC Operating Agreement, which the Plaintiffs in this action are attempting to enforce. In the event that the Court rules in the Defendants' favor, then the Court's

convening of a Rule 16 Status Conference at this time would be a waste of judicial resources, and involve this Court in matters that are more properly resolved through the ADR procedures in which the Plaintiffs previously agreed to participate. Thus, the scheduling of a Pretrial Status Conference at this time would actually contravene at least two of the express purposes cited by Fed. R. Civ. P. 16(a) as the Plaintiffs' Motion actually encourages rather than discourages wasteful pretrial activities. See Fed. R. Civ. P. 16(a)(3). Further, to the extent that the Plaintiffs' believe that such a Pretrial Status Conference would facilitate settlement of the case, such activity is better resolved through the ADR mechanisms in which the Plaintiffs agreed to participate when they executed the Deluge, LLC Operating Agreement. See Id.

5. To the extent that the Plaintiffs argue that the Defendants are somehow not in a position to seek enforcement of the mandatory arbitration provision of the Deluge, LLC Operating Agreement, the Plaintiffs should be judicially estopped from asserting such a position, in light of their efforts to have other provisions of that same Operating Agreement enforced against the Defendants. See, e.g. Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 211-12 (1st Cir. 1987). The Plaintiffs can not have it both ways.

6. For all of the above-outlined reasons, this Court should deny the Plaintiffs' Motion for a Status Conference. If in fact the Court determines the case should not be dismissed or stayed, then a Status Conference to determine a schedule for discovery, etc., would most likely be in order, but only after there has been a good faith meeting between counsel for the parties to establish a discovery plan. Any issues that the Plaintiffs feel the Court needs to address may be brought forward by the Plaintiffs at that time.

WHEREFORE, the Defendants respectfully request this Honorable Court:

A. Deny the Plaintiffs' Motion for a Status Conference;

B. Grant such other and further relief as may be just and equitable.

Respectfully submitted,

SCOTT J. WERNER, WERNER ENTERPRISES and L&W WATERS OF NEW ENGLAND, LLC

By Their Attorneys

Date: December 28, 2004

By: _____
Paul M. Monzione, Esq. (BBO #352350)
Law Offices of Paul M. Monzione, P.C.
2 South Main Street, Second Floor
P.O. Box 1478
Wolfeboro, NH 03894
(603) 569-9599

CERTIFICATE OF SERVICE

I hereby certify that on this the ___ day of December, 2004, a true and correct copy of the within Memorandum was sent via first class mail to Christopher Robertson, Esq.

_____
Paul M. Monzione, Esq.

4