UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| Scott A. Kanter and Deluge, LLC | \* | |
| | \* | |
| Plaintiffs | \* | |
| | \* | |
| v. | \* | Civil Action No. 04-10489 (RCL) |
| | \* | |
| Scott J. Werner, Werner Enterprises, and | \* | |
| L&C Spring Waters of New England, LLC | \* | |
| (f/k/a L&C Spring Waters of New | \* | |
| England Holding Company, LLC. | \* | |
| | \* | |
| | \* | |
| Defendants | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT STATUS REPORT OF PARTIES RE: MEDIATION

Pursuant to this Court's order, the parties hereby submit the following status report regarding mediation, which has not yet occurred but is anticipated to occur in November 2005:

I.     DEFENDANTS' POSITION:

As this Court is aware, Defendant filed a Motion to Dismiss the instant case on grounds that the Operating Agreement for Deluge, LLC, mandates the disputes alleged in this case be resolved by mandatory mediation, and failing that, by binding arbitration. In response to Defendants' Motion, this Court ordered the parties to proceed to mediation and set a March 14, 2005, deadline by which to have the case mediated.

In accordance with the Court's instructions, Defendant Werner provided counsel for Plaintiff with several dates, all within the Court-ordered deadline. Counsel for Defendant also confirmed these dates with the mediator, Brad Honoroff, who both sides agreed could act as

1

mediator in this case. Despite Defendant's efforts in this regard, Plaintiff failed to provide confirmation of his attendance on any of the proposed dates.

Thereafter, Defendant once again contacted counsel for Plaintiff seeking to confirm dates for the mediation as instructed by the Court. However, Plaintiff did not respond to confirm such dates. Attached hereto as Exhibits "A" and "B" are true and correct copies of letters from Defendants' counsel to Plaintiffs' counsel seeking to confirm a mediation date.

In light of the deadline for submitting this report, counsel for Defendant Werner contacted Plaintiff's counsel and once again requested Plaintiff confirm dates for attendance at the mediation. Defendants' counsel's office contacted Mr. Honoroff's office and was informed that he is not available until after November 1, 2005 for the mediation. The Defendants are in the process of confirming dates in November, and will present dates to the Plaintiffs on the first November dates available for the Defendants and the mediator. Defendants request that the Court extend the deadline for completion of the mediation until the end of November 2005.

II.    PLAINTIFFS' POSITION:

During the parties' last appearance before the Court, the Plaintiffs explained to the Court and the Defendants that in order to have a productive mediation the Plaintiffs needed certain additional documents and information. The defendants stated to the Court that they understood the request and would produce the information prior to the mediation. After the hearing, the parties mutually agreed to retain Brad Honoroff as a mediator and began to propose dates for the mediation. The defendants, however, failed to produce the requested information and the mediation was delayed several times. Over the course of the Summer, the parties once again discussed setting dates for the mediation, and Plaintiffs again requested certain information from

the Defendants. Copies of the relevant correspondence making these requests are attached as Exhibit C. While some information was produced, there still remains a substantial amount of information necessary to have a productive mediation. For example, on August 25, 2005 a request was made by the Plaintiffs for the production of five separate categories of documents for several financial periods. This request was made again on August 31, 2005. Copies of these emails are attached as Exhibit D. To date, no additional information has been produced in response to these August requests and no response to these emails has been received.

Plaintiffs are prepared to mediate this case. However, the mediation will have no chance of success in the absence of complete disclosure of the requested information. Thus, while the Plaintiffs have requested proposed dates for the mediation, fixing a date is contingent upon the Defendants' agreement to produce the information it promised would be produced months ago. The only reason that Plaintiffs have not approached the Court with this issue is because Defendants have consistently stated that they will produce the requested information. Notwithstanding the delays, we assume the Defendants will produce the information and are proceeding on that basis. If so, the mediation should be completed in November as proposed by

the Defendants. Plaintiffs therefore similarly request that the Court extend the date for the

completion of the mediation until the end of November 2005.

                        Respectfully submitted,

                        SCOTT J. WERNER, WERNER ENTERPRISES
                        and L&C WATERS OF NEW ENGLAND, LLC

                        By Their Attorneys

Date: September 23, 2005              By:  /s/ Paul M. Monzione
                        Paul M. Monzione, Esq. (BBO #352350)
                        LAW OFFICES OF PAUL M. MONZIONE, P.C.
                        2 South Main Street, Second Floor
                        P.O. Box 1478
                        Wolfeboro, NH 03894
                        (603) 569-9599

                        SCOTT A. KANTER and DELUGE, LLC
                        By Their Attorneys

Date: September 23, 2005              By:  /s/ Christopher F. Robertson
                        Christopher F. Robertson, Esq. (BBO #642094)
                        SEYFARTH SHAW, LLP
                        Two Seaport Lane, Suite 300
                        Boston, MA 02210-2028
                        (617) 946-4989