UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**SCOTT KANTER**
    Plaintiff

v.          C.A. No. **04-10489-RCL**

**SCOTT WERNER**
    Defendant

ORDER FOR FINAL PRETRIAL CONFERENCE

The above-entitled action is scheduled for a final pretrial conference on **March 15, 2007**, at **3:00PM** in Courtroom #11, 5th floor, U.S. District Court, Boston, Massachusetts. Counsel shall be prepared to commence trial of this action on or after **(to be determined at the pretrial conference)**. Unless excused by the Court, each party shall be represented at the pretrial conference by counsel who will conduct the trial.

(1) Counsel for all parties shall meet prior to the final pretrial conference to:

    (a) explore the possibility of settlement of this action;

    (b) draft and sign a stipulation as to all uncontested facts;

    (c) narrow the issues to be tried;

    (d) exhibit to all parties any and all photographs, documents, instruments and other objects any party intends to offer as exhibits at trial;

    (e) give notice to all parties of the names and addresses of witnesses who a party intends to call at trial, including the names and qualifications of any expert witnesses;

    (f) in jury cases, discuss proposed jury instructions.

(2) Counsel shall prepare and file, either jointly or separately, a pretrial memorandum which shall set forth the following information.

    (a) the names, addresses and telephone numbers of trial counsel;

    (b) a concise summary of the positions asserted by the plaintiff(s), defendant(s) and any other parties with respect to both liability and relief sought;

    (c) whether any claims or defenses have been, or will be, waived or otherwise not pursued at trial;

    (d) a statement of the facts established by the pleadings, stipulations of counsel and admissions.  <u>Counsel shall stipulate all facts not in genuine dispute;</u>

    (e) contested issues of fact;

    (f) any questions raised by pending motions;

    (g) issues of law, including evidentiary questions, together with supporting authority;  (Any party wishing to present a matter to the court by way of a motion in limine shall file such motion as a separate document at the time of the filing of the pretrial memorandum.)

    (h) any requested amendments to the pleadings;

    (i) any additional matters to aid in the disposition of the action;

    (j) the probable length of trial (court's customary trial day is from 9:00AM to 1:00PM with a break of about 25 minutes at 11:00AM);

    (k) a list of the names and addresses of witnesses who will testify at trial and

    the purpose of the testimony of each witness, i.e., whether factual, medical, or other expert, etc.  Unless the qualifications of any medical or other expert are admitted, a brief statement of the qualifications of such witness shall be included;

(l) a list of the proposed exhibits each party will offer in that party's affirmative case.  Those exhibits to be introduced without objection shall be identified by a single sequence of numbers, regardless of which party is the proponent of a given exhibit;

(m) in jury cases, an appendix containing proposed jury instructions.  In non-jury cases, an appendix containing proposed findings of fact and rulings of law.  Each proposed jury instruction or conclusion of law shall include citations to supporting authority.

(n) In jury cases, any questions proposed for the <u>voir</u> <u>dire</u> examination of the jury panel and any proposed interrogatories to the jury or special verdict form.

**Unless otherwise provided in this paragraph, the pretrial memorandum, with appendices, shall be filed not later than five business days before the scheduled date of the final pretrial conference.**

**If any document required to be filed by this section 2 is not filed electronically, the filing party must file one original and two copies of that document not later than five business days before the scheduled date of the final pretrial conference.**

(3)     At the time of the filing of the pretrial memorandum, each party shall file a separate paper, for the benefit of the court reporter, setting forth any unusual or difficult terms or names that may be referred to at trial.

Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys of record have not been notified shall forthwith notify the additional attorney(s) in writing as to entry of this Order and shall file a copy of the writing with the clerk.

In the event that some disposition of this case has heretofore been made, or is made before the pretrial conference, counsel shall, by telephone, forthwith notify the Deputy Clerk signing this order and promptly thereafter submit closing papers.  Compliance with this order is not excused absent the filing of closing papers or the entry of a Settlement Order of Dismissal in a form prescribed by the Court.

**Failure to comply with any of the directions set forth in this Order may result in judgment of dismissal or default, or the imposition of other sanctions deemed appropriate by the Court.**

By Order of the Court

Lindsay, D.J.

By /s/ Lisa M. Hourihan
   Deputy Clerk

DATED: January 24, 2007