# SEYFARTH
**ATTORNEYS** **SHAW** LLP

World Trade Center East

Two Seaport Lane

Suite 300

Boston, MA  02210-2028

617-946-4800

fax 617-946-4801

www.seyfarth.com

Writer's direct phone
617-946-4989

Writer's e-mail
crobertson@seyfarth.com

February 13, 2007

**BY FAX AND OVERNIGHT MAIL**

Mr. Paul M. Monzione
Two South Main Street
P. O. Box 1478
Wolfeboro, NH 03894

  Re: <u>Scott A. Kanter v. Scott J. Werner, et al.</u>
    Civ. Act. No. 04-10489 (RCL)

Dear Paul:

  Following up on the hearing last month and the Court's scheduling of the trial in this matter, I wanted to confirm in writing our latest settlement offer.

  Specifically, after discussing the matter with Portogon, the following terms would be acceptable to the shareholders of Deluge.

  First, Werner will be allowed a one-third economic interest in Deluge, effective January 1, 2007, and will receive his distribution accordingly from the profits starting in 2007, subject to the withholdings discussed below.

  Second, Mr. Werner agrees to pay those amounts recorded on the books of Deluge as receivables to him, totaling approximately $60,000.  So as to not cause Mr. Werner any financial hardship, this would be accomplished by withholding distributions that would be due him as a result of his economic interest.  After all amounts are repaid, Mr. Werner will receive directly all income and cash flow for the rest of the duration of Deluge's existence.

  Third, Mr. Werner agrees to pay one-half of the amounts that it appears were taken from Deluge since 2000, also totaling approximately $60,000. Again, this would be accomplished by withholding distributions that would be due him as a result of his economic interest.

  Fourth, Mr. Werner agrees to confirm the renewal of the Suiza agreement for another term, and return the Suiza agreement to Deluge.  Mr. Werner also agrees he will not undermine the current or future relationship with Suiza.

BRUSSELS WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA



February 13, 2007
Page 2

Fifth, the shareholders will agree to pay one-half the legal fees incurred by Deluge, as certified by counsel.

Sixth, Mr. Werner agrees to cooperate with an independent CPA firm for an audit of L&C's books for years 2000-2006, in order to determine if there were any irregular expenses charged to L&C.

Seventh, Mr. Werner will create an annual budget, hold annual meetings and produce and allow access to the financials of L&C to the shareholders. Mr. Werner will also allow a real estate appraiser on the properties of L&C and Sadakka to determine their respective values.

Ninth, Mr. Werner will reveal the economic relationship and provide full disclosure concerning WFL, Inc. and its activities.

As noted previously, the above terms were discussed at some length with Fahad, and he believes that these terms are reasonable and should be agreeable to Mr. Werner. Please discuss the matter with your client and let us know as soon as possible whether a settlement is achievable on these terms.

As to the trial, in the absence of a settlement we intend to proceed accordingly. In that regard, we enclose a notice of deposition and subpoena directed to Mr. Werner, requiring his appearance on February 28, 2006 at our offices and the production of documents on the same date. Please let me know whether we need personally to serve the subpoena on Mr. Werner. We will also be issuing deposition and document subpoenas to L&C and a number of other individuals and entities in order to prepare for trial.

We look forward to hearing from you.

Sincerely yours,

SEYFARTH SHAW LLP

Christopher F. Robertson

CFR/nmp

cc:    Scott A. Kanter
       Martin Richardson

OAO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF  MASSACHUSETTS

SCOTT A. KANTER and DELUGE LLC,

V.

SCOTT J. WERNER, WERNER ENTERPRISES, L&C
SPRINGWATERS OF NEW ENGLAND, LLC (f/k/a L&C
SPRING WATERS OF NEW ENGLAND HOLDING CO.)

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   04-10489(RCL)

TO: Scott J. Werner
c/o Paul Monzione, Esq.
Two South Main Street
Wolfeboro, NH 03894

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION   Seyfarth Shaw LLP, 2 Seaport Lane, Boston, MA 02210 | DATE AND TIME February 28, 2007 |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE   Seyfarth Shaw LLP, 2 Seaport Lane, Boston, MA 02210 | DATE AND TIME February 28, 2007 |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Counsel for Plaintiffs | DATE February 13, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher F. Robertson, Esq., Seyfarth Shaw, LLP, 2 Seaport Lane, Boston, MA 02210  (617) 946-4989

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO 88 (Rev 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED: | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

# ATTACHMENT A

Please bring the following documents with you to the deposition on February 28, 2007.

1.  All records reflecting any payments to Scott Werner by Deluge LLC, L&C Spring Waters Suppliers, Inc., or L&C Springwaters of New England from 2000 through 2005, including all notes, checks, transfers or other forms of payment, whether for salary or any other purpose.

2.  All records of any charges incurred by Scott Werner that were paid by Deluge LLC, L&C Spring Waters Suppliers, Inc., or L&C Springwaters of New England from 2000 to 2005, including credit card receipts, invoices, airline tickets, meal vouchers, transportation or any other records of expenses.

3.  All personal or corporate American Express bills for the period 2000 to the present upon which Scott Werner made business charges.

4.  Any records of any transfers of money or assets between Deluge LLC, on the one hand, and L&C Spring Waters Suppliers, Inc., or L&C Springwaters of New England, on the other.

5.  All tax returns for Scott Werner for the period 2000 to the present.

6.  All tax returns for L&C Spring Waters Suppliers, Inc. from 2000 to the present.

7.  All tax returns for L&C Springwaters of New England from 2000 to the present.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT A. KANTER and DELUGE LLC,   )<br>  )<br>          Plaintiffs,  )<br>  )<br>v.                     )<br>  )<br>SCOTT J. WERNER, WERNER  )<br>ENTERPRISES and L&C SPRING  )<br>WATERS OF NEW ENGLAND, LLC (f/k/a )<br>L&C SPRING WATERS OF NEW  )<br>ENGLAND HOLDING COMPANY, LLC.), )<br>  )<br>          Defendants.  )| CIVIL ACTION NO. 04-10489(RCL) |

## NOTICE OF DEPOSITION

To:    Mr. Paul M. Monzione
       Two South Main Street
       Wolfeboro, NH 03894

PLEASE TAKE NOTICE that at 9:30 a.m. on February 28, 2007, at the offices of

Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston,

Massachusetts, the plaintiffs, pursuant to Fed. R. Civ. P. 30, will take the deposition upon oral

examination of the defendant Scott Werner.  The examination shall be taken before an officer

authorized by law to administer oaths, and will continue from day to day until completed.

You are invited to attend and cross-examine.

SCOTT A. KANTER and DELUGE LLC,
By their attorneys,


___/s/ Christopher F. Robertson___
Christopher F. Robertson (BBO No. 642094)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801


Date:  February 13, 2007


## CERTIFICATE OF SERVICE

On February 13, 2007, I caused to be served a copy of the foregoing document by overnight mail upon all counsel of record.


___/s/ Christopher F. Robertson___
Christopher F. Robertson

2

```
*  *  *  COMMUNICATION RESULT REPORT ( FEB. 14. 2007 12:52PM )  *  *  *
                                                    FAX HEADER 1:
                                                    FAX HEADER 2:

TRANSMITTED/STORED : FEB. 14. 2007 12:48PM
FILE MODE        OPTION              ADDRESS              RESULT      PAGE
------------------------------------------------------------------------
0040 MEMORY TX                       916035690599          OK          8/8



------------------------------------------------------------------------
    REASON FOR ERROR
        E-1) HANG UP OR LINE FAIL              E-2) BUSY
        E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```



SEYFARTH SHAW LLP
ATTORNEYS

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
(617) 946-4800
Fax (617) 946-4801
www.seyfarth.com

## Facsimile Transmission

Date:  February 13, 2007

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| **Mr. Paul M. Monzione** | | | **603-569-0599** |

FROM:  Christopher F. Robertson

PHONE:  617-946-4989

RE:  Scott A. Kanter v. Scott J. Werner, et al.,   **REPLY FAX NO.: (617) 946-4801**
C.A. No. 04-10489 (RCL)

| File No: | 87905/1 | Number of Pages, Including Cover: | 8 |
|---|---|---|---|

☒ Hard copy to follow              ☐ Hard copy will not follow
☐ Per your request                 ☐ Please review and revise if necessary
☐ Please telephone me

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

ANY TAX INFORMATION OR WRITTEN TAX ADVICE CONTAINED HEREIN (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED TO BE AND CANNOT BE USED BY ANY TAXPAYER FOR THE PURPOSE OF AVOIDING TAX PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER. (THE FOREGOING LEGEND HAS BEEN AFFIXED PURSUANT TO U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE.)

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (617) 946-4800 AS SOON AS POSSIBLE.