LAW OFFICES OF
# PAUL M. MONZIONE, P.C.

TWO SOUTH MAIN STREET • SECOND FLOOR
P.O. BOX 1478
WOLFEBORO, NEW HAMPSHIRE 03894
(603) 569-9599
TELEFAX: (603) 569-0599

February 14, 2007

*Via Facsimile and 1st Class Mail*

Christopher F. Robertson, Esq.
Seyforth Shaw LLP
2 Seaport Ln. Suite 300
Boston MA 02210-2028

Re:   Scott A. Kanter v. Scott J. Werner

Dear Chris:

Thank you for your letter of February 13, 2007 setting forth Scott Kanter's settlement offer. I will forward a copy of your letter to Scott Werner, and will get back to you as soon as I can.

As to the notice of deposition for 9:30 a.m. on February 28, 2007, at your offices, you know from our previous discussions regarding what we thought was a March 5, trial date, I am scheduled to be in a trial in California starting on February 27, 2007. As such, I not available to have Mr. Werner deposed on that date.

As Scott Werner is a party, a subpoena is not necessary, and your notice of deposition is sufficient to secure his attendance. However, professional courtesy would dictate that before you unilaterally chose a date for this deposition, your office contact mine to see whether the date was available.

Moreover, I specifically informed you when I obtained your agreement not to oppose the motion to continue what we thought was a March 5, 2007 trial date, that I am on trial in California during this time. Therefore, I cannot understand why you would unilaterally notice a deposition on a date that you knew was not available for me to attend. I trust you forgot that I was unavailable, although I did send you a letter to this effect.

In any event, please be advised Mr. Werner will not be attending the deposition on this date, nor will I for these reasons. If necessary, I will seek a motion for protective order, which motion will also seek attorney's fees and sanctions if I am forced to bring one.

On the other hand, I am sure you and I can work cooperatively to choose a date that works for all parties.

BOSTON OFFICE
268 SUMMER STREET
BOSTON, MA 02210
(617) 292-4900
TELEFAX: (603) 569-0599

SAN FRANCISCO OFFICE
1255 POST STREET, SUITE 1025
SAN FRANCISCO, CA 94109
(415) 346-9600
TELEFAX: (415) 928-4136

PORTSMOUTH OFFICE
74 ROW STREET, SUITE 206
PORTSMOUTH, NH 03801
(603) 334-9800

Christopher F. Robertson, Esq.
February 14, 2007
Page 2

    Finally, most of the documents you are requesting be produced at the deposition have already been turned over to you. Please be advised Mr. Werner will not produce any tax returns, and I am enclosing herewith a formal objection to the production of such documents on the grounds of privilege and on the grounds that such request is therefore not reasonably calculated to lead to the discovery of admissible or relevant evidence. The mere fact of making a party a defendant in a lawsuit does not entitle the plaintiff to obtain tax returns from such defendant.

    Upon receipt of this letter, please call me so that we can work through these issues without the need of involving the Court. I am sure Judge Lindsay would not be happy to have us in front of him disputing such matters, particularly given the circumstances of your sending the deposition notice and attachment.

    I look forward to hearing from you.

Very truly yours,

Paul M. Monzione

PMM/mlk
cc:   Scott Werner
       Martin Richardson

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*************************************

Scott A. Kanter and Deluge, LLC

Plaintiff

v.                                                                  Civil Action No. 04-10489 (RCL)

Scott J. Werner, Werner Enterprises, and
L&C Spring Waters of New England, LLC
(f/k/a L&C Spring Waters of New
England Holding Company, LLC.

Defendant

*************************************

## DEFENDANT'S OBJECTION TO NOTICE OF DEPOSITION AND SUBPOENA

Defendants hereby object to the notice of deposition and to the subpoena duces tecum on the grounds that counsel for Mr. Werner is required to be in a trial in the case of Bostontec, Inc. v. Workrite Ergonomics, Inc. in the Marin County Superior Court in California starting on February 27, 2007, and therefore is unavailable to attend such deposition. Additionally, counsel for plaintiff was advised of this fact, and therefore noticing a deposition on a date he knew was not available to opposing counsel entitles defendant to a motion for protective order pursuant to Federal Rules of Civil Procedure, Rule 30 (c) (4).

Defendants further object to the subpoena duces tecum on the grounds that it seeks the

production of documents that are privileged under Defendants' right of privacy, particularly tax returns for defendants, and therefore is not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Respectfully submitted,

Scott J. Werner, Werner Enterprises, and
L&C Spring Waters of New England, LLC
(f/k/a L&C Spring Waters of New
England Holding Company, LLC.

By Their Attorneys:
LAW OFFICES OF PAUL M. MONZIONE, P.C.

Date: _February 15, 2007_

_/s/ Paul M. Monzione_
Paul M. Monzione, Esq.
P.O. Box 1478
2 S. Main Street, Second Floor
Wolfeboro, NH 03894
(603) 569-9599

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2007, a copy of the foregoing document was mailed postage pre-paid to Christopher F. Robertson, Esq.

_/s/ Paul M. Monzione_
Paul M. Monzione, Esq.