FILED
IN CLERKS OFFICE

2007 MAR -7  P 4: 54

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCOTT A. KANTER and DELUGE, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| SCOTT J. WERNER, WERNER ENTERPRISES and L&C SPRING WATERS OF NEW ENGLAND, LLC (f/k/a L&C SPRINGS WATERS OF NEW ENGLAND HOLDING COMPANY, LLC) Defendants. | ) ) ) ) ) ) ) ) |

Civil Action No. 04-10489-RCL

## DEFENDANTS', SCOTT J. WERNER, WERNER ENTERPRISES and L&C SPRING WATERS OF NEW ENGLAND, LLC, *EMERGENCY MOTION* TO CONTINUE PRE-TRIAL CONFERENCE DUE TO TRIAL ENGAGEMENT IN CALIFORNIA

Pursuant to Local Rules 16.5(A) and 40.3(B) and Rule 6(b) of the Federal Rules of Civil Procedure, the defendants Scott J. Werner, Werner Enterprises and L & C Spring Waters of New England, LLC (f/k/a L & C Spring Waters of New England Holding Company, LLC), hereinafter "Werner" or "defendants," move that the Court continue the pre-trial conference presently scheduled in this case for March 15, 2007 at 3:00 p.m. in Courtroom #11.

As grounds for this emergency motion, the undersigned trial counsel for the defendants hereby states that he will be unavailable for this pre-trial conference, as he will be attending a trial in Marin County, California on that same date and during that week. The nature of this trial conflict and how it recently arose are specifically set forth in the accompanying Affidavit of Paul M. Monzione, which is incorporated in this motion by this reference.

-1-

In additional support for this motion for a continuance, the defendants submit that:

1) "Pretrial conferences are the last stop before the final stage in the trial litigation process. Preceded by pleadings and discovery, the conference previews the expected trial scenario, weeds out illusory and frivolous issues, and exposes the substance of conflicting claims." McClanahan v. Morauer & Hartzell, Inc., 404 U. S. 16, 19 (1971) (Douglas, J., dissenting).

2) Given the importance of pretrial conferences, the Local Rules specify that, absent specific excuse by the court, "each party shall be represented at the final pretrial conference by counsel who will conduct the trial." See Local Rule 16.5(B). This requirement is also specified in the Final Pretrial Conference Order in this case. As detailed in the affidavit of counsel, however, the undersigned attorney "is the only attorney sufficiently familiar with this case to act as trial counsel, and Defendants want Attorney Monzione as their trial counsel." See Affidavit, p. 2, par. 5.

3) The applicable Local Rules contemplate continuances in circumstances like those involved here. Specifically, Local Rule 40.3 provides that "[a] motion for the continuance of a trial, evidentiary hearing, or any other proceeding, will be granted only for good cause." Id. (emphasis added). See also Fed. R. Civ. P. 6(b) (courts generally may enlarge the period of time for performing any acts governed by court rules or orders "for cause shown").

4) Motions to continue pretrial conferences are expressly envisioned, moreover, by Local Rule 40.3(B). In accordance with the requirements of Rule 40.3(B), the defendants state that no prior requests for a continuance have previously been sought or granted in this particular case.

5) The coincidental scheduling and conduct of a separate trial in the Marin County

-2-

Superior Court in California constitutes "good cause" for continuing the pretrial conference in this case within the meaning of the applicable rules. As the accompanying Affidavit indicates, this conflict did not first become apparent until Judge Boren posted the trial schedule and his availability on February 27, 2007. Until that date, it did not reasonably appear that the trial in California would extend as long as March 15, 2007. See Affidavit, p. 2, par. 4. Counsel for the defendants has at all times acted in good faith.

6) As a general principle, the Local Rules establish an order of preference for conflicts within the District Courts. See Local Rule 40.2(A). Although the California Superior Court involved is outside the Federal court system, to whatever extent that analogy may be nonetheless drawn to the Local Rule, such rule mandates that "[t]rials shall take precedence over all other hearings...."

7) Regardless of whether Local Rule 40.2(A) literally applies in the circumstances, the defendants submit that ample grounds still exist under Fed. R. Civ. P. 6(b) and Local Rule 40.3(B) to continue the pretrial conference in this case in order to accommodate trial counsel's conflict. See also, e.g., United States v. Nesglo, Inc., 744 F.2d 887, 889 (1st Cir. 1984) (pretrial conference continued where counsel was absent from jurisdiction due to conflict); Medical Group Financial Services, Inc. v. United States Life Ins. Co., 204 F. R. D. 22, 22 (D. Mass. 2001) (final pretrial conference postponed for 60 days in circumstances).

## Certification under Local Rule 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), counsel for the defendants certifies that he has conferred with opposing counsel and opposing counsel has advised he will not oppose this motion.

## Conclusion

Based upon the grounds and authorities described supra and upon the accompanying

Affidavit of counsel, the defendants request that the Court allow the motion and continue the

pretrial conference currently scheduled in this case to a mutually convenient date.

Respectfully submitted,

LAW OFFICES OF PAUL M. MONZIONE, P.C.

Paul M. Monzione, Esq.
P.O. Box 1478
2 South Main Street, Second Floor
Wolfeboro, NH 03894
(603) 569-9599

Date: March 7th, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed manually and a copy will be sent via
Facsimile and First Class Mail to counsel for the Plaintiff, Christopher F. Robertson, Esq.

Paul M. Monzione, Esq.

-4-