UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                 )
SCOTT A. KANTER and              )
DELUGE, LLC,                     )
                                 )
            Plaintiffs,          )
                                 )
                                 )
v.                               )
                                 )
SCOTT J. WERNER, WERNER          )    Civil Action No. 04-10489-RCL
ENTERPRISES and L&C SPRING       )
WATERS OF NEW ENGLAND, LLC       )
(f/k/a L&C SPRINGS WATERS OF NEW )
ENGLAND HOLDING COMPANY, LLC)    )
            Defendants.          )
_____)
```

## DEFENDANT SCOTT J. WERNER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF TAX RETURNS AND REQUEST FOR HEARING

Pursuant to Rules 34(a) and 45(b) of the Federal Rules of Civil Procedure, the defendants Scott J. Werner, Werner Enterprises and L&C Spring Waters of New England, LLC (f/k/a L&C Spring Waters of New England Holding Company, LLC), hereinafter ("Werner" or "defendants") oppose the motion of the plaintiffs Scott A. Kanter and Deluge, LLC ("plaintiffs") for an order compelling the defendants to produce their tax returns from the years 2000 through the present.

As grounds, the defendants submit as follows:

1) The plaintiffs' motion to compel arises out of a deposition subpoena served on Werner's counsel, not Werner personally, by a notice dated February 13, 2007. See Exhibit A, attached to plaintiffs' motion to compel. On the face of this subpoena itself, it is apparent that it violates the applicable rules of civil procedure. First, the subpoena was not served on Werner personally. See

-1-

Fed. R. Civ. P. 45(b)(1) ("Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to <u>such person</u>....") (emphasis added). Second, the subpoena was directed to the defendant Werner, a party in this litigation, and this request should accordingly have taken the form of a request for the production of documents pursuant to Rule 34(a), rather than a subpoena. See Fed. R. Civ. P. 34(a) ("Any party may serve on <u>any other party</u> a request....") (emphasis added). Counsel for Werner previously expressed these objections in correspondence to the plaintiffs' counsel on or about March 7, 2007. See copy of March 7th-dated letter, attached to this opposition as Exhibit A.

    2) The plaintiffs' rationale for failing to comply with the applicable rules in this case is unavailing. See correspondence of plaintiffs' counsel, dated March 8, 2007, attached to this opposition as Exhibit B. If plaintiffs' counsel needed an expeditious response before the March 15, 2007-scheduled pretrial conference, their remedy would have been to move for a shorter response period under Fed. R. Civ. P. 34(b). Because of an alleged shortness of time, however, plaintiffs' counsel is not free to ignore conventional court rules and procedures. Specifically, counsel cannot circumvent: a) the time period and opposition opportunities which are ordinarily afforded to parties under Rule 34, and b) the requirements of personal service mandated for subpoenas under Rule 45(b)(1). Further, the plaintiffs cannot properly rely on legal authority permitting <u>trial</u> subpoenas on parties as well as non-parties, see attached Exhibit B, p. 2, when the subpoena notice in this particular case expressly referenced Werner's deposition, not a trial.[1] See Exhibit A subpoena, attached to plaintiffs' motion to compel.

---

[1] To the contrary, it is questionable whether this case will ever be tried on the substantive issues in this Court, because the parties are subject to a mandatory arbitration agreement.

3) Furthermore, the defendants have numerous substantive objections to producing their tax returns in the circumstances. As plaintiffs' counsel has acknowledged in its citation of the case of United States v. Bonanno Organized Crime Family of La Cosa Nostra, 119 F.R.D. 625 (E.D. N. Y. 1988), there is a two-pronged test for determining whether tax returns must be produced: 1) the tax returns must be relevant to the action, and 2) the information contained in the returns must not be otherwise obtainable. See plaintiffs' motion to compel, p. 7, citing and discussing United States v. Bonanno Organized Crime Family of La Cosa Nostra, supra at 627. In this case, the plaintiffs have failed to establish, most especially, the second prong of the Bonanno test, namely, that the information is not otherwise obtainable.

In the underlying circumstances, the defendants have already turned over Werner's personal tax returns for 2000, 2001, 2002, and 2003. Indeed, the individual plaintiff Scott Kanter ("Kanter"), is a CPA, who reviewed and helped prepared these tax returns. Accordingly, Kanter cannot credibly argue that he has discovered any new or recent information based on his reviewing these same returns, which he himself previously helped to prepare.

In the circumstances, the plaintiffs already have all of the information that they need to try proving their alleged claims that Werner wrongly diverted corporate assets. They have all kinds of corporate records, account ledgers, financial statements and tax returns from Deluge, LLC. They have all available means and documentation for investigating their claims of diversion. They have failed to establish that an invasive and intrusive production of Werner's personal, joint tax returns, which reflect his wife's personal income as well as his own, would produce information "not otherwise obtainable...." See United States v. Bonanno Organized Crime Family of La Cosa Nostra, supra at 627. The plaintiffs

have also failed to show how any entries on Werner's more recent tax returns, or how he classified his personal income on them, would tend to prove or disprove their claims of wrongful diversion of corporate assets. This is particularly true given the fact that Mr. Werner's employment with Deluge, LLC terminated in November, 2004. Instead, producing these recent tax returns would merely provide the plaintiffs, Werner's competitors and adversaries, confidential and compromising personal financial information to the defendants' unfair disadvantage.

4) Despite the plaintiffs' failure to demonstrate a compelling need for Werner's recent tax records, Werner has nothing to hide and is willing to produce these returns for an *in camera* review by this Court. Before doing so, however, the defendants respectfully ask this Court for an opportunity to present oral argument to explain more fully the procedural background and context of this opposition. The undersigned counsel is currently on trial in Marin County, California and thus unavailable. See copy of March 7, 2007-dated letter, attached to this opposition as Exhibit A. See also Defendants' Motion to Continue Pre-trial Conference, filed on or about March 7, 2007. Counsel requests that such hearing kindly be scheduled upon his return from trial in California, perhaps at the pretrial conference now re-scheduled for March 29, 2007.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the defendants believe that oral argument would assist the Court in understanding the context of this motion and his opposition to the plaintiffs' motion to compel, and therefore requests the opportunity to address these issues in a hearing.

## Conclusion

Based upon the grounds and authorities described supra, the defendants request that the Court deny the plaintiffs' motion to compel and award any costs and attorney's fees which it may consider equitable and appropriate in the circumstances.

Respectfully submitted,

LAW OFFICES OF PAUL M. MONZIONE, P.C.

_Paul M. Monzione (LFZ)_
Paul M. Monzione, Esq.
P.O. Box 1478
2 South Main Street, Second Floor
Wolfeboro, NH 03894
(603) 569-9599
Fax: (603) 569-0599

Date: March 14, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed manually and a copy will be sent via Facsimile and First Class Mail to counsel for the Plaintiff, Christopher F,. Robertson, Esq.

_Paul M. Monzione (LFZ)_
Paul M. Monzione, Esq.

# LAW OFFICES OF
# PAUL M. MONZIONE, P.C.

Two South Main Street • Second Floor
P.O. Box 1478
Wolfeboro, New Hampshire 03894
(603) 569-9599
Telefax: (603) 569-0599

EXHIBIT A

March 7, 2007

*Via Fax & 1st Class Mail*

Christopher F. Robertson, Esq.
Seyforth Shaw LLP
2 Seaport Ln. Suite 300
Boston MA 02210-2028

    Re:    Scott A. Kanter v. Scott J. Werner

Dear Chris:

    As you know, Local Rule 7.1(A)(2), requires counsel to meet and confer with opposing counsel in an attempt in good faith to resolve the subject of your motion. Other than some phone messages between us, you have failed to fulfill the requirements of this local rule prior to filing Plaintiffs' Motion to Compel.

    Moreover, as you should know, a party is not subject to Federal Rule of Civil Procedure, Rule 45. Instead, any party seeking the production of documents and things from another party is required to proceed under Federal Rules of Civil Procedure, Rule 34. Rule 34 provides a party with 30 days in which to serve an objection or otherwise respond to a request for production of documents or things.

    In this case, in an obvious attempt to get around the thirty days afforded a party under the applicable Rule, you served a subpoena on my office for the production of documents and things from the Defendants in this case. Neither the rules nor the law permit you to proceed in this manner.

    Notwithstanding this fact, you have now chosen to file a motion to compel the production of documents and things when you have not even proceeded correctly in the first place. This of course is requiring a tremendous amount of time and is no doubt costing a substantial amount in attorneys fees and costs. This is also coming at a time when you are well aware I am engaged in a trial in Marin County, California, and therefore your conduct becomes even more unduly burdensome, harassing, and vexatious, all of which are prohibited under the applicable rules of discovery.

**BOSTON OFFICE**
268 Summer Street
Boston, MA 02210
(617) 292-4900
Telefax: (603) 569-0599

**SAN FRANCISCO OFFICE**
1255 Post Street, Suite 1025
San Francisco, CA 94109
(415) 346-9600
Telefax: (415) 928-4136

**PORTSMOUTH OFFICE**
74 Bow Street, Suite 206
Portsmouth, NH 03801
(603) 334-9800

Christopher F. Robertson, Esq.
March 7, 2007
Page 2

    Accordingly, demand is hereby made that you immediately withdraw Plaintiffs' Motion to Compel Production of Documents and that you notify my office that the motion has been withdrawn. Otherwise, I have engaged the assistance of two attorneys whose office I worked out of in Boston, Leonard Zandrow and John Brister who will be preparing the opposition to the motion, which opposition will seek attorney's fees, costs, and sanctions.

    In the meantime, I have left detailed messages with your office staff while you are absent from your office traveling, and informed your office that Scott Werner is willing to voluntarily produce his tax returns for the tax years, 2000, 2001, 2002, and 2003. According to Scott Werner, Scott Kanter either prepared these returns, advised Mr. Werner as to their preparation, and/or reviewed them prior to their being filed. Accordingly, Mr. Werner has no objection to Mr. Driscoll's office providing you copies of these returns.

    On the other hand, you are seeking to obtain documents from companies that are not a part to this lawsuit and have no involvement in the business of Deluge and have no connection whatsoever with any of the subject matter of this case. By doing so, you are attempting to invade the right of privacy that is afforded tax returns without any legal basis or justification. These points will be more fully argued in the opposition to the motion to compel should you choose to proceed with that motion. That opposition will also include a copy of this letter so that Judge Lindsay will be made aware of all efforts on Defendants part to avoid this costly, inconvenient, and time-consuming process.

    I hope you will comply with the above request and withdraw the motion, after which, and as soon as I have time from my current trial, I will be more than happy to work with you to provide the tax returns as stated above. As you also know, I am filing an unopposed motion to continue the March 15, 2007 final pretrial conference given my unavailability due to my current trial.

Very truly yours,

Paul M. Monzione

PMM/mlk
cc:  Scott Werner
     Martin Richardson
     John Brister, Esq.
     Leonard Zandrow, Esq.
     Timothy Driscoll, CPA



# SEYFARTH SHAW
ATTORNEYS LLP

EXHIBIT B

World Trade Center East

Two Seaport Lane

Suite 300

Boston, MA 02210-2028

617-946-4800

fax 617 946-4801

www.seyfarth.com

Writer's direct phone
617-946-4989

Writer's e-mail
crobertson@seyfarth.com

March 8, 2007

**BY FAX (603-569-0599) and OVERNIGHT MAIL**

Mr. Paul M. Monzione
Two South Main Street
P. O. Box 1478
Wolfeboro, NH 03894

    Re:   Scott A. Kanter v. Scott J. Werner, et al.
            Civ. Act. No. 04-10489 (RCL)

Dear Paul:

    I am in receipt of your letter dated March 8, 2007 concerning the plaintiffs' motion to compel documents. As a preliminary matter, we disagree that we have failed to comply with the requirements of Local Rule 7.1. Specifically, I had a number of conversations with you and your associate, in which you refused to provide the complete tax returns for the years requested, instead seeking to somehow "stipulate" to certain facts in those returns. As we stated on more than one occasion, this attempted accommodation was unacceptable and fulfilled the requirement of conferring prior to filing the motion. Given the time constraints placed on the parties by the Court, the Plaintiffs had no choice but to file an appropriate motion seeking this highly relevant information. Only after the motion was filed did you apparently conclude that you would agree to produce some, but not all, of the information requested. In fact, a significant dispute still remains over what should be produced, including Werner's personal tax returns for years after 2003, and all of the other requested returns. Given the recent information produced by Bigelow, which confirms much of what we had suspected from the beginning of this case, those returns are critical to the trial of this matter and we intend to continue to press for their production.

    In particular, the documents produced by Bigelow demonstrate significant transfers of assets from Deluge to Mr. Werner and other entities from 2001 through 2004, as well as the re-characterization of many transactions during 2004 and 2005. These re-characterizations should be reflected in the personal returns of Mr. Werner in 2004 and 2005, and it is quite telling that your "agreement" to produce tax returns does *not* include these years. We have also discovered similar activities concerning other Werner related entities in these years, which will likely be reflected in their returns. Given the critical importance of the information requested, your claim of efforts to resolve this matter by agreeing to production of a very limited amount of information is disingenuous at best, indicates that the 2004 and 2005 returns most likely have

BO1 15833366.1 / 87905-000001



Mr. Paul M. Monzione
March 8, 2007
Page 2

highly relevant information, and further highlights the necessity of the present motion. Moreover, as set forth in our motion, there is no absolute privilege concerning this information.

As to the propriety of issuing a subpoena to Mr. Werner under Rule 45, this course of action was dictated by the Court's schedule, not yours or ours. As I stated to you on several occasions, in the absence of a settlement of this matter, we have no choice but to prepare for trial, which includes seeking information and documents to which we have been denied access for many years because of the Court's prior order compelling mediation. Certainly, had the Court's schedule permitted, we would have proceeded differently, but given the Court's pretrial order, which requires identification of documents to be used at trial, we needed to proceed to obtain the documents before March 15, 2007. In these circumstances, numerous courts, as well as several treatises, advise that Rule 45 may be used to subpoena any person – party or nonparty - to produce books, documents or tangible things for trial. 9 *Moore's Federal Practice* § 45.03[1] (3d ed. 1997). *See* 10A *Federal Procedure, Lawyers Edition* § 26:464 (1994) (stating that Rule 45, unlike Rule 34, applies to nonparties as well as parties).

Contrary to your letter, we have continuously throughout this litigation sought to accommodate your schedule, seek compromise on discovery and other matters, and reduce the litigation costs for all involved. These efforts have often been met with complete resistance to production of information from your client, which have only been remedied by filing motions with the court. Plaintiffs do not make these motions lightly, but only when necessary to obtain information to which they are clearly entitled and which is critical to the trial of this matter.

To the extent that your opposition includes you March 7, 2007 letter, please also include this response so that the Court has a complete picture of the genesis of the present discovery dispute and motion.

Sincerely yours,

SEYFARTH SHAW LLP

Christopher F. Robertson

CFR/nmp

cc: Scott A. Kanter
    Martin Richardson

BO1 15833366.1 / 87905-000001