## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCOTT A. KANTER and DELUGE, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. 04-10489(RCL) |
| v. | ) | |
| | ) | |
| SCOTT J. WERNER, WERNER ENTERPRISES and L&C SPRING WATERS OF NEW ENGLAND, LLC (f/k/a L&C SPRING WATERS OF NEW ENGLAND HOLDING COMPANY, INC.), | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Plaintiffs Scott A. Kanter and Deluge, LLC (collectively "Plaintiffs") respectfully submit their proposed jury instructions. Plaintiffs reserve the right to make changes and to supplement these instructions based upon Defendants' proposed submissions, developments at trial and any errors and omissions in the parties' submissions.

Respectfully submitted,

SCOTT KANTER and DELUGE, LLC,

By their attorney(s),

 /s/ Christopher F. Robertson
Christopher F. Robertson, BBO #642094
Brendan M. O'Rourke, BBO #567115
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:     (617) 946-4801

Dated: March 23, 2007

**Error! Bookmark not defined.**

**(Province of the Court and Jury)**

MEMBERS OF THE JURY:

Now that you have heard the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 1

## TYPES OF EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence -- such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence --  which tends to prove a disputed fact by proof of other facts.

There is a simple example of circumstantial evidence as follows:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.  It is for you to decide whether a fact has been proven by circumstantial evidence.  In making that decision, you must consider all the evidence related to that fact in the light of reason, common sense and your experience.

The law permits you to infer from a pattern of events whether or not certain conduct occurred.   During the trial you may have heard the attorneys use the term "inference," and in

**Error! Bookmark not defined.**

their arguments they may have asked you to infer, on the basis of your reason, experience and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess.  It is a logical conclusion that a disputed fact exists that we reach in light of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw  -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences you should exercise your common sense.


**Source:**       3 E. Devitt, C. Blackmar & M. Wolff, <u>Federal Jury Practice and Instructions</u> 35 (1987)

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 2

## OBJECTIONS BY COUNSEL

It is, members of the jury, not only the right but the duty of counsel to make objections during a trial whenever in counsel's judgment evidence was being offered contrary to law, rules or procedure, as counsel in his or her best judgment interprets them.  You are not to allow yourselves to be swayed in your honest judgment by or because of any objections of counsel for either the plaintiff or the defendants throughout the trial.

Nor are you to take into account or consider in any respect the rulings made on various motions and objections by counsel.  Counsel have the right to object to any testimony or exhibit offered by the opposing party, and my rulings are related solely to matters of law with which you have no concern.

**Sources:**     United States v. General Motors, Crim. 47140 (E.D. Mich. 1973)
Farmington Dowel Products Co. v. Forster Manufacturing Co., 297 F. Supp. 924
(D. Me. 1969), modified. 421 F.2d 61 (1st Cir. 1970)
ABA Civil Jury Instructions, p. 148
Devitt & Blackmar, *Federal Jury Practice and Instructions* §10.11

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 3

## STRICKEN EVIDENCE

If a question was asked and an objection sustained, then you have received no evidence whatever as a result of that question and must disregard it in your minds.  Similarly, if a question was asked and an answer given, and then the answer was ordered stricken from the record, you must disregard the question as well as the answer.  Counsel have relied upon you to follow my instructions with regard to answers which have been stricken.  If they were not able to rely upon you in this respect, they might have asked additional questions or put in additional evidence; so you must follow my directions.

In such, the jury must not consider for any purpose an offer of evidence that was rejected or any evidence that was stricken out by the Court, and evidence admitted for limited purposes must never be considered for any other purpose.  You are to decide the case solely upon the evidence that has been admitted by the Court and the inferences reasonably to be drawn therefrom.

Also, when the Court has advised you that certain evidence is to be considered for only particular purposes, you may not, of course, consider such evidence for any other purpose.

**Sources:**     Crown Packers v. Peelers Co., Civil No. 2797 (W.D. Wash. 1966)
Delaware Valley Marine Supply Co. v. American Tobacco Co., 184 F. Supp. 440 (E.D. Pa. 1960), aff'd, 297 F.2d 199 (3rd Cir. 1961), cert. denied, 369 U.S. 839 (1962)
Continental Ore Co. v. Union Carbide & Carbon Corp., 289 F.2d 86 (9th Cir. 1961), rev'd., 370 U.S. 690 (1962)
City of Burlington v. Westinghouse Electric Corp., 246 F. Supp. 839 (D.D.C. 1965), rev'd, 351 F.2d 762 (D.C. Cir. 1965)
ABA Civil Jury Instructions, 149
Delaware Valley Marine Supply Co. v. American Tobacco Co., 184 F. Supp. 440 (E.D. Pa. 1960), aff'd, 297 F.2d 199 (3d Cir. 1961), cert. denied, 369 U.S. 839 (1962).

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 4

## ARGUMENTS BY COUNSEL

Counsel, in arguing this case to you, have commented upon and argued the facts, as is their privilege and their duty.  If you find any variance between the facts testified to by the witnesses or as shown by the documentary evidence, and what has been stated to you by counsel to be the facts, you should be guided by your recollection of what the evidence is and your own judgment as to the credibility, value and significance of the evidence.

**Sources:**    Continental Ore Co. v. Union Carbide & Carbon Corp., 289 F.2d 86 (9th Cir. 1961), rev'd on other grounds, 370 U.S. 690 (1962); ABA Civil Jury Instructions, p. 150

7

**Error! Bookmark not defined.**

## <u>REQUESTED INSTRUCTION NO. 5</u>

### <u>EXPERT WITNESSES</u>

The Rules of Evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**Sources**:      3 E. Devitt, C. Blackmar & M. Wolff, <u>Federal Jury Practice and Instructions</u> 39-40 (1987)

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 6

## WHAT IS CONSIDERED EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the Rules of Evidence. You should not be influenced by the objection or by the Court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.] Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

**Source:**      Modified Civil Jury Instructions for the Ninth Circuit, Instruction 3.05 (1993)

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 7

## CONSIDERATION OF THE EVIDENCE - CORPORATE PARTY'S AGENTS AND EMPLOYEES

In this case, Deluge, LLC, Werner Enterprises and L&C Springwaters of New England, LLC are corporations.  The mere fact that some of the parties are corporations does not mean they are entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by her acts and declarations made while acting within the scope of her authority delegated to her by the corporation, or within the scope of her duties as an employee of the corporation.

**Sources:**     Modern Federal Jury Instructions 4th §§ 72.01-02.
Federal Jury Instructions 4th § 71.09.

**Error! Bookmark not defined.**

## <u>REQUESTED INSTRUCTION NO. 8</u>

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.  Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.

**Sources:**      3 E. Devitt, C. Blackmar & M. Wolff, <u>Federal Jury Practice and Instructions</u> 49-50 (1987)

11

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 9

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the person impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 10

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Error! Bookmark not defined.**

## <u>REQUESTED INSTRUCTION NO. 11</u>

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness, or give it such credibility as you may think it deserves.

**Sources:**         O'Malley, et al., *Federal Jury Practice and Instructions* (5th Ed. 2001) §105.04.

14

**Error! Bookmark not defined.**

## <u>REQUESTED INSTRUCTION NO. 12</u>

## <u>BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE</u>

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with the evidence opposing it, has the more convincing force and produces in your minds the actual belief that what is sought to be proved is more likely true than not true.  In essence, it is sufficient evidence to satisfy the conscience and bring conviction to an intelligent mind.

At a minimum, plaintiffs must prove that their contentions about the essential elements of their claim are more likely true than not.  If, as to any particular fact issue or question of fact presented for your determination, you find the evidence is more likely true than not, then you must resolve that issue or question of fact in favor of the plaintiffs, and against the defendants. Thus, if you conclude that any of the essential elements of plaintiffs' claims are true, then plaintiffs have met their burden of proof.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you, unless otherwise instructed, may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

So, when I say in these instructions that a party has a burden of proof on any proposition, or use the expression "if you find" or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

**Sources:**     Devitt and Blackmar, §§71.14, 71.15
<u>Clements v. McGraw-Hill Publishing Co.</u>, Civil No. 143-51 (S.D.N.Y. 1964)
<u>Westcoast Broadcasting Co. v. Jerrold Electronics Corp.</u>, 341 F.2d 653 (9th Cir. 1965), <u>cert. denied</u>, 382 U.S. 817 (1965)
<u>Hawaiian Oke & Liquors, Ltd. v. Joseph E. Seagram & Sons, Inc.</u>, 272 F. Supp. 915 (D. Hawaii), <u>rev'd</u>, 416 F.2d 71 (9th Cir. 1969), <u>cert. denied</u>, 396 U.S. 1062 (1969)
P. Liacos, Handbook of Massachusetts Evidence, p. 38 (5th ed. 1981)
<u>Morris v. Weane</u>, 258 Mass. 178, 180 (1927)

15

**Error! Bookmark not defined.**

<u>Realty Developing Co., Inc. v. Wakefield Ready-Mixed Concrete Co., Inc.</u>, 327 Mass. 535, 537 (1951)

17 R. Bishop, *Massachusetts Practice*, §24 (3d ed. 1987)

<u>Singarella v. Boston</u>, 342 Mass. 385, 387 (1961)

<u>Sullivan v. Hamacher</u>, 339 Mass. 190, 194 (1959) ("After the evidence had been weighed, that proposition appears by a preponderance of the evidence if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the  ...minds of the tribunal notwithstanding any doubts which may still linger there.")

<u>Sargent v. Massachusetts Accident Co.</u>, 307 Mass. 246, 250 (1940)

John J. McNaught and J. Harold Flannery, *Massachusetts Evidence:  A Courtroom Reference* 7-1 (1988) ("fact finder must be left with the sound belief that the party's contentions are accurate")

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 13

## SUMMARY OF CLAIMS

In this case you have heard the parties present evidence of their respective positions.  It is now your duty to determine whether the parties have proven their case with respect to their claims.

As you have heard, in this case the plaintiffs, Scott Kanter and Deluge, LLC, are suing the defendants, Scott Werner, Werner Enterprises, and L&C Springwaters of New England, LLC, for conversion and violation of G.L. c. 93A.  Simply stated, conversion is the wrongful taking, destruction, or detention of personal property, including money or other assets, from the owner or other person entitled to its possession, or the exercise of dominion over the property inconsistent with or in defiance of the rights of that person.    A violation of G.L. c. 93A means that defendants' conduct is deemed to be unfair or deceptive, which means that the conduct "falls 'within at least the penumbra of some common-law, statutory, or other established concept of unfairness' or is 'immoral, unethical, oppressive or unscrupulous.'"

**Sources:**    Hay v. Hay, 55 Mass.App.Ct. 1111 (2002); Cambridge Plating Co. v. NAPCO, Inc. , 85 F.3d 752, 769 (1st Cir. 1996) (quoting PMP Assoc., Inc. v. Globe Newspaper Co., 321 N.E.2d 915, 917 (Mass. 1975)).

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 14

### CONVERSION

The elements of a conversion claim are the right to immediate possession of money or other assets by plaintiffs, the exercise of control or dominion over that money or other asset by the defendants inconsistent with plaintiffs' rights, and damages to the plaintiffs measured as the loss of that money or the value of the asset. Stated simply, conversion is the taking of another's property or money.  Conversion is akin to embezzlement, and if you find that the defendants improperly embezzled or took funds from the individual or corporate plaintiffs that did not belong to defendants, then you must find them liable for conversion, and find that such money or other assets should be returned to the plaintiffs.

**Sources**:    Ravech v. Wheeler, 2001 WL 716899, at *5 (Mass. Super. Apr. 18, 2001) (citing Spooner v. Holmes, 102 Mass. 503, 506 (1869) and Morin v. Manning, 205 Mass. 205, 211 (1910));  Hay v. Hay, 55 Mass.App.Ct. 1111 (2002).

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 15

## CONVERSION

There is no defense to an action for conversion of money or other property that defendants who exercised dominion over the money or other property did so in good faith reasonably being mistaken in thinking the facts to be such as would give defendants a legal right to the money or property.  The exercise of due care does not excuse conversion of another's property.  In addition, contributory negligence of the plaintiffs is not a defense to and action for conversion.


**Sources**:     Row v. Home Sav. Bank, 306 Mass. 522, 525 (1940) (collecting cases).

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 16

## INVALID TRANSFER OF OWNERSHIP

The plaintiffs in this case have alleged that a purported transfer of interests in the plaintiff Deluge LLC was invalid.  They contend that the Deluge LLC Operating Agreement provides that a valid transfer of interests may only occur if all the members, including the individual plaintiff Scott Kanter, are provided notice of the proposed transfer and approve the transfer in writing.  In addition, the Plaintiffs allege that any member is entitled to a right of first refusal under the Operating Agreement to acquire the rights proposed to be transferred to the third party for the same consideration offered to that third party.  It is your responsibility to determine whether proper notice was given to the plaintiff Kanter and whether he was provided the right of first refusal provided in the Operating Agreement.

**Sources**:     Roy v. George W. Greene, Inc., 404 Mass. 67, 71 (1989)

20

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 17

## UNFAIR AND DECEPTIVE ACTS

If you determine that plaintiffs and defendants were acting as businesspersons, you must then determine whether defendants committed an unfair or deceptive act or practice. In other words, if the defendants' conduct is such that a reasonable businessperson would find it unethical, unscrupulous or unfair, you may find that such conduct constitutes behavior that is unfair or deceptive. In reaching this determination it is important to focus on the nature of the conduct engaged in by the defendants and the purpose and effect of that conduct. Keep in mind that even sophisticated businesspersons must deal with each other honestly; a businessperson may not induce another to act by material misrepresentations. In addition, a proven claim of conversion is a sufficient basis for a Chapter 93A claim.

**Sources**:     *Massachusetts Superior Court Civil Jury Instructions*, Vol. I, § 16.4 (MCLE 2001); Wainwright Bank & Trust Co. v. Rawan, 1998 WL 1270651, at *4 (Mass. Super. June 2, 1998) (citing Cambridge Plating Co., Inc. v. Napco, Inc., 85 F.3d 752 (1st Cir. 1996)).

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 18

## DECEPTIVE ACTS

A "deceptive" act or practice is simply one that has the capacity to deceive. An act or practice is deceptive if it could reasonably cause a person to act differently from the way [he/she] would act if [he/she] knew the truth about the matter. It includes any communication made with the intent to deceive another person. However, intent to deceive is not always necessary. A negligent or careless misrepresentation of fact, the truth of which was reasonably capable of ascertainment, may also be a deceptive act or practice.

**Sources**:       *Massachusetts Superior Court Civil Jury Instructions*, Vol. I, § 16.4 (MCLE 2001)

**Error! Bookmark not defined.**

## REQUESTED INSTRUCTION NO. 19

## UNFAIR ACTS

To help you determine whether an act or practice is "unfair," ask yourself these three questions:

First, does it fall within some established concept of unfairness? For something to be unfair, it does not need to violate some other law or a government regulation; however, whether or not it does is something you may consider. Not every illegal act is unfair. A material misrepresentation falls within an established basis of unfairness.

Second, ask yourself whether the defendant's act or practice was immoral, unethical, oppressive, unscrupulous, or otherwise unconscionable. That obviously involves you in a moral judgment about the ethics of the marketplace. You, the jury, are the collective conscience of the community. Use your common sense. Consider the defendant's conduct in light of all the circumstances, keeping in mind that you must decide this question in the context of the commercial marketplace. An act that might be unfair in a business transaction with an unsophisticated consumer may not be unfair when it takes place in a transaction involving two sophisticated businesspersons.

Third, consider whether the defendant's act or practice would cause substantial injury to competitors or other businesspersons.

**Sources**:     *Massachusetts Superior Court Civil Jury Instructions*, Vol. I, § 16.4 (MCLE 2001)

**Error! Bookmark not defined.**