# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                )
SCOTT A. KANTER and             )
DELUGE, LLC,                    )
                   Plaintiffs,  )
                                )
v.                              )
                                )
SCOTT J. WERNER, WERNER         )          Civil Action No. 04-10489-RCL
ENTERPRISES and L&C SPRING      )
WATERS OF NEW ENGLAND, LLC      )
(f/k/a L&C SPRINGS WATERS OF NEW )
ENGLAND HOLDING COMPANY, LLC)   )
                   Defendants.  )
_____)

## DEFENDANTS' PRE-TRIAL MEMORANDUM

Defendants Scott J. Werner, Werner Enterprises and L&C Spring Waters of New

England, LLC (f/k/a L&C Spring Waters of New England Holding Company, LLC), (collectively

"Defendants") respectfully submit their Pre-Trial Memorandum in accordance with the Order for

Final Pre-Trial Conference dated January 24, 2007 (Lindsay, J.)("Order").

**A.     TRIAL COUNSEL**

   **For the Defendants:**

   Paul M. Monzione, Esq. (lead counsel)
   Two South Main Street
   P.O. Box 1478
   Wolfeboro, NH 03894
   (603) 569-9599

**For the Plaintiffs:**

Christopher F. Robertson, Esq. (lead counsel)
Brendan M. O'Rourke
Seyfarth Shaw, LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800


**B.      SUMMARY OF DEFENDANTS' POSITION**

On or about April 15, 1997, Deluge, LLC, a Massachusetts Limited Liability Company was formed.  At the time of its formation, it was agreed all interests held in Deluge would be shared equally among three interest holders, namely, Portogon Investments, SA, Scott A. Kanter, an individual, and Scott Werner, an individual.  However, on the advice of Scott A. Kanter, it was agreed that Scott Werner's 1/3 interest would be held by Portogon Investments, SA and turned over to Scott Werner at a later date.  Providing Mr. Werner with his interest would not be subject to any rights of first refusal or any of the other provisions in the Deluge operating agreement regarding transfer or sale of interest in that as the shareholders all understood, the occurrence did not constitute a transfer and/or sale.

Mr. Kanter not only lacks standing for bringing the instant action, but has failed to obtain the required consent of the other members of Deluge as required under the operating agreement in order to institute the instant action.

Further, the allegations of Mr. Kanter relative to conversion and violation of Chapter 93A are expressly denied.

**C.     WAIVER OF CLAIMS AND DEFENSES**

The Defendants do not waive any defenses.  Please see the Plaintiffs' Pre-Trial

Memorandum for waiver of claims.

**D.     STIPULATION OF FACTS**

As previously reported to the Court, the parties have been unable to confer relative to a

stipulation of undisputed facts due to counsel for the Defendants' involvement in a lengthy trial of

several weeks in Marin County, California.  Upon counsel's return from California, counsel will

be available for such discussion prior to trial.

**E.     CONTESTED ISSUES OF FACT**

All facts not agreed to in this pre-trial memorandum are contested.  Please see the

Plaintiff's Pre-Trial Memorandum for additional contested issues of fact.

**F..     PENDING MOTIONS**

The Plaintiffs' Motion to Compel and the Defendants' Opposition thereto are currently

pending before the Court.

**G.     ISSUES OF LAW**

The Defendants reserve the right to brief any issue of law that arises during the course of

trial.

**H.     AMENDMENTS TO THE PLEADINGS**

The Defendant reserves the right to file and amend, as necessary, an Answer to the

Plaintiff's Complaint.

I.    **ADDITIONAL MATTERS**

None anticipated at this time.  However, the Defendants reserve the right to raise

additional matters to the extent they come to light in ongoing discovery.

J.    **LENGTH OF TRIAL**

Defendants anticipate that this matter can be completed in 7-8 full trial days.

K.    **WITNESSES**

A..    Scott Werner
c/o Paul M. Monzione, Esq.
Two South Main Street
P.O. Box 1478
Wolfeboro, NH 03894
(603) 569-9599

B.    Scott Kanter
c/o Christopher F. Robertson, Esq.
Seyfarth Shaw, LLP
Two Seaport Lane
Boston, MA 02210
(617) 946-4989

C.    Timothy Driscoll, CPA
Bigelow & Company CPA, P.C.
500 Commercial Street
Manchester, NH 03101
(603) 627-7659

D.    Mr. Martin Richardson
Portgon Investments, S.A
P.O. Box 83 Ordnance House 31 Pier Road
St. Helier, Jersey JE4 8PW Channel Islands

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-825200

E.     Richard Kanter

F.     Michelle Winder

G.     Kimberly Dixon-Burrows

H.     Paula Fuller

I.     Tankel, Rosenburg & Co.

J.     Jim Zuckernik, Esq.

K.     Christopher Robertson, Esq.
        Seyfarth Shaw, LLP
        Two Seaport Lane
        Boston, MA 02210

L.     John M. Kapral, Esq.
        Reimer & Braunstein
        Boston, MA

M.     Any witness identified in discovery;

N.     Any witness identified in an Exhibit listed by any party;

O.     Any witness listed by any other party;

P.     Any witness needed to authenticate any Exhibit, or to lay a proper foundation for
        the admissibility of any Exhibit;

The Defendants reserve the right to add to or amend this list of Witnesses up to and through
time of trial, as discovery is still ongoing.

**L.**   **PROPOSED EXHIBITS**

   A.   March 29, 1999, Reimer & Braunstein Letter

   B.   May 14, 1999, Memorandum

   C.   December 2, 1997, Facsimile from Scott Kanter

   D.   August 15, 2004, Spreadsheet

   E.   Collection letters from Scott Kanter

   F.   June 21, 1995, Letter from Kanter to Martin

   G.   June 4, 1995, Letter from Kanter to Martin

   H.   November 25, 1998, Facsimile from Kanter

   I.   December 31, 1998, Memorandum RE: Tax

   J.   December 3, 1997, Facsimile from Kanter

   K.   April 15, 1997, Zuckernick Letter

   L.   March 2, 1997, Facsimile from Kanter

   M.   November 13, 1997, Memorandum from Kanter

   N.   November 7, 1999, Spreadsheet from Kanter

   O.   February 8, 1999, Facsimile from Kanter

   P.   September 2, 1999, Letter to Martin

   Q.   Letters from Scott Kanter to Martin Richardson

   R.   Letters and faxes from Scott Kanter to Scott Werner

   S.   Letters from Scott Werner to Martin Richardson

   T.   Financial records of Deluge, LLC

   U.   Personal tax returns of Scott Werner, produced in discovery

V.      Operating Agreement of New England Holding, LLC

W.      All documents produced by any party in pretrial discovery;

X.      Answers to Interrogatories provided by any party during the course of pretrial

        discovery;

Y.      Any document marked as an Exhibit during pretrial depositions;

Z.      Any exhibit listed by another party;

AA.     Any document necessary for examination and cross-examination of any witness.

The Defendants reserve the right to add to or amend this list of Exhibits up to and through
time of trial, as discovery is ongoing.

**M.     PROPOSED JURY INSTRUCTIONS**

The Plaintiffs have waived their right to jury trial, as the Plaintiffs have never requested a

trial by jury.

                              Respectfully submitted,

                              Scott J. Werner, Werner Enterprises, and
                              L&C Spring Waters of New England, LLC
                              (f/k/a L&C Spring Waters of New
                              England Holding Company, LLC.

                              By Their Attorneys:
                              LAW OFFICES OF PAUL M. MONZIONE, P.C.

                              /s/ Paul M. Monzione
                              Paul M. Monzione, Esq.
                              P.O. Box 1478
                              2 South Main Street, Second Floor
                              Wolfeboro, NH 03894
                              Phone:  (603) 569-9599
                              Fax: (603) 569-0599

_____

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on the following persons on this date and in the manner specified herein:

Electronically Served through ECF:

Christopher F. Robertson, Esq.           crobertson@seyfarth.com